| AOC-105 | Doc. Code: CI | | Case No. **07 C I 0 3 1 0 5** |
|---|---|---|---|
| Rev. 1-07 | 03/29/2007 10:23 am | | Court  ☑ Circuit  ☐ District |
| Page 1 of 1 | Ver. 1.02 | | |
| Commonwealth of Kentucky | | | County  Jefferson |
| Court of Justice  www.courts.ky.gov | | **CIVIL SUMMONS** | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

JANA CHRISTINE JONES-TURNER,

On her own behalf and all others

similarly situated, known or unknown

Kentucky

VS.

**DEFENDANT**

YELLOW ENTERPRISE SYSTEMS, LLC

D/B/A YELLOW AMBULANCE SERVICE

Service of Process Agent for Defendant:

JEFFREY L. MACKIN

445 EAST MARKET STREET, STE. 310

| LOUISVILLE | Kentucky | 40202 |
|---|---|---|

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this Summons. Unless a written defense is made by you or by an attorney on your behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: MAR 29 2007 , 2_____     _David L. Nicholson_____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. **07 C I 0 3310 5**

JEFFERSON CIRCUIT COURT
DIVISION
JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

JANA CHRISTINE JONES-TURNER, on her own behalf                          PLAINTIFF
and all others similarly situated, known or
unknown

v.

YELLOW ENTERPRISE SYSTEMS, LLC                                          DEFENDANT
D/B/A YELLOW AMBULANCE SERVICE
445 East Market Street, Suite 310
Louisville, Kentucky 40202

      Serve:  Jeffrey L. Mackin, Registered Agent
            445 East Market Street, Suite 310
            Louisville, Kentucky 40202

\* \* \* \* \* \* \* \* \*

## COMPLAINT

1.     This case arises from the Defendant's failure to pay its emergency medical

technicians/ambulance drivers wages for all hours worked and its failure to allow its workers to

take meal and rest breaks required by Kentucky law.  Additionally, Defendant's conduct violated

the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the FLSA").

Plaintiff seeks permanent injunctive relief and damages for herself and all putative plaintiffs.

2.     Plaintiff, Jana Christine Jones-Turner, is a resident of Jefferson County,

Kentucky, within the jurisdiction and venue of this Court.

3.     The Defendant, Yellow Enterprise Systems, LLC D/B/A Yellow Ambulance

Service (the "Company"), is a Kentucky limited liability company doing business in Jefferson

County, and at all times material hereto has been an employer as defined in KRS 337.010(1)(d)

and contemplated in KRS 337.202 through 337.285.

4.     At all relevant times, the Defendant continuously met the requirements to be deemed an "employer" pursuant to 29 U.S.C. § 203(d).

5     Defendant is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203(r)-(s).

6.     At all times relevant hereto and through today's date, the Plaintiff and all putative plaintiffs were employed by the Defendant as Emergency Medical Technicians/Ambulance Drivers, and were non-exempt employees as defined in KRS 337.010(2)(a) and contemplated in KRS 337.202 through 337.285 and within the meaning of 29 U.S.C. § 203(e)(1).

7.     Throughout the Plaintiff's tenure at the Company, the Defendant suffered or permitted the Plaintiff and the putative plaintiffs to work hours totaling more than forty during each work week.

8.     The Defendant failed to pay the Plaintiff and the putative plaintiffs at the rate of one and one half times their base hourly rate for those hours over forty (40) worked by the Plaintiff and putative plaintiffs as alleged above.

9.     Additionally, the Defendant regularly failed to permit the Plaintiff and putative plaintiffs to take their respective meal breaks as required by KRS 337.355 and their rest breaks as required by KRS 337.365.

10.     Moreover, despite suffering or permitting the Plaintiff and the putative plaintiffs to work without a meal break, the Defendant deducted thirty minutes per day from each employees' pay as though they had actually taken a meal break.

11.     The above-described failure of the Defendant to pay the Plaintiff and the putative plaintiffs at the rate of one and one half times the base hourly rate was willful.

12.    Pursuant to Kentucky Rule of Civil Procedure 23, a class action is appropriate because a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

13.    Additionally, class treatment is appropriate because (b) the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole and/or questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**Violations of KRS 337.285, 337.355, 337.365 and 337.385**

14.    Plaintiff and the putative plaintiffs reallege and reincorporate the paragraphs above.

15.    For at least the last three years, Defendant has failed to allow the Plaintiff and the putative plaintiffs to take a meal break on each shift as required by KRS 337.355.

16.    For at least the last three years, Defendant has failed to allow Plaintiff and the putative plaintiffs to take rest breaks as required by KRS 337.365.

17.    For at least the last three years, Defendant has engaged in the practice of deducting 30 minutes each day from the Plaintiff's and the putative plaintiffs' compensable time, without regard to whether the employee actually took a meal break or how long the employee actually spent on such a break.

18.     As a result, for at least the last three years, Defendant has engaged in the practice of not paying its employees all wages due for hours worked in excess of forty (40) each week as required by KRS 337.285.

19.     Defendant's conduct was willful.

20.     The Plaintiff and the putative plaintiffs are entitled under KRS 337.385(1) to recovery of unpaid wages, liquidated damages and attorneys' fees.

21.     Furthermore, should the Defendant suspend, sell, or transfer its business, or should Defendant's assets be taken in attachment or execution, or be assigned for the benefit of creditors, Plaintiff and the putative plaintiffs are entitled to a lien for unpaid wages pursuant to KRS 376.150 through 376.180.

## COUNT II
## Violation of the Fair Labor Standards Act

22.     Plaintiff and the putative plaintiffs reallege and reincorporate the paragraphs above.

23.     This count arises from the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

24.     Pursuant to 29 U.S.C. § 206, an employer is required to pay its employees a mandatory minimum wage for each hour worked by its employees.

25.     Pursuant to 29 U.S.C. § 207, the Plaintiff and the putative plaintiffs were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours in a workweek.

26.     During the course of their employment, the Defendant did not compensate the Plaintiff and the putative plaintiffs for each hour worked as required by 29 U.S.C. § 206.

27.     During the course of their employment, the Defendant did not compensate the Plaintiff and the putative plaintiffs at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks as required by 29 U.S.C. § 207.

28.     Defendant has willfully violated (and continues to violate) Section 206 of the Fair Labor Standards Act by refusing to pay the employees the required minimum wage for each hour worked.

29.     Defendant has willfully violated (and continues to violate) Section 207 of the Fair Labor Standards Act by refusing to pay the employees their earned overtime wages.

30.     Plaintiffs and the putative plaintiffs are entitled to recover their unpaid minimum wages and their unpaid overtime compensation, as the case may be, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).  Additionally, they are entitled to an award of their attorneys' fees and legal costs associated with bringing this action pursuant to 29 U.S.C. § 216(b).

31.     This case is appropriate for treatment as a "collective action" pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands:

A.     Judgment against the Defendant in an amount in excess of the jurisdictional limit of this Court, fairly and adequately compensating the Plaintiff and the putative plaintiffs for the unpaid regular and/or overtime wages;

B.     Liquidated damages as provided by state and federal law;

C.     Reasonable attorneys' fees and costs incurred in connection with this action;

D.     Pre-judgment and post-judgment interest;

E.      Such other and further relief as this Court deems appropriate and just, including

injunctive relief; and

F.      Trial by jury for all issues so triable.

Respectfully submitted,

BAHE COOK CANTLEY & JONES PLC
Lawrence L. Jones II
Brent T. Ackerson

Kentucky Home Life Building
239 South Fifth Street, Suite 700
Louisville, Kentucky  40202
(502) 587-2002
Counsel for Plaintiffs