UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| JANA CHRISTINE JONES-TURNER and<br>PENNEY SHERRARD, on their own behalf and<br>all others similarly situated, known or unknown, | )<br>)<br>)<br>) | *ELECTRONICALLY FILED* |
| PLAINTIFFS | )<br>) | COLLECTIVE ACTION<br>AND CLASS ACTION |
| v. | )<br>) | Case No. 3:07CV-218-S |
| YELLOW ENTERPRISE SYSTEMS, LLC<br>d/b/a YELLOW AMBULANCE SERVICE, et al. | )<br>)<br>) | |
| DEFENDANTS. | )<br>) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CERTIFY COLLECTIVE ACTION STATUS

Given their counsel's vast FLSA experience, it is quite surprising that the Defendants have apparently confused the difference between a Rule 23 class action and a FLSA collective action. Plaintiff has moved for conditional certification of a FLSA collective action class. Plaintiff has *not* yet moved to certify a Rule 23 class regarding its state law claims.

Yet, in their zeal to advocate against notifying potential plaintiffs of their collective action rights[1], the Defendants cite to cases in which the courts were confronted with Rule 23 class action certification *not* collective action certification –without highlighting that Plaintiffs have *not* yet moved for Rule 23 certification *and that the certification standards are much different*. *See* Defendants' Memorandum in Support of Motion to Stay and Response to Plaintiffs' Motion to Certify Collective Action Status and Motion for Approval of Proposed Class Notice at p. 4 ¶1

---

[1] Every day of delay, saves the Defendants thousands of dollars. Unlike the state law claims subject to Rule 23, the statute of limitations is *not* tolled as it relates to the FLSA claims. Thus, it behooves the Defendants to confuse the issues and suggest a course of action that delays the notification of the FLSA collective action. The Defendants' request for a six-month stay before responding to Plaintiffs' motion, literally saves the Defendants hundreds of thousands of dollars.

(hereinafter, "Defendant's Response") (citing *Hagen v. City of Winnemucca,* 108 F.R.D. 61, 63-64 (D. Nev. 1985) and *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 49 (D. Del. 1974)).  While a request for collective action certification is "analogous to a class certification request in a civil class action under Rule 23, the Rule and its standard do not govern a FLSA case." *Carter v. Indianapolis Power & Light Co.*, 2003 WL 23142183 *2 (S.D. Ind. 2003).  Indeed, the standards for certification under Rule 23 are much more stringent than the standards for conditional certification under the FLSA.  To suggest otherwise is disingenuous.

1. **The Lenient Standard for Conditional Certification of FLSA Collective Action Class.**

In collective actions under the FLSA, courts have adopted the "fairly lenient" two-step approach to authorizing collective action certification, "which typically results in conditional certification of the representative class." *Crawford v. Lexington-Fayette Urban Co. Gov't*, 2007 WL 293865 at *5 (E.D. Ky. 2007) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d at 547 (6th Cir. 2006).  "'Courts have generally adopted a two-tiered certification approach for deciding whether a suit can proceed as a collective action' under the FLSA." *Id.* (citation omitted).  "First, courts generally 'determine whether notice of the pending action and the opportunity to 'opt-in' should be given to potential class members.'" *Id.* (citation omitted); *see also O'Neal v. Kilbourne Med. Labs., Inc.*, 2007 WL 956428 *5 (E.D. Ky. 2007).

"This first step is known as 'conditional certification' of the collective action.'" *Id.* (citation omitted).  "**After notice has been given to the potential plaintiffs *and 'after discovery has been completed***, and the case is ready for trial, the court will engage in the second stage of determining whether the plaintiffs are similarly situated for the purposes of maintaining the collective action.'" *Id.* (citation omitted) (emphasis added); *see also O'Neal*, 2007 WL 956428 at *5-6. "***Once discovery is complete*** and more factual information is available to the court, the

defendant may file a motion to decertify the class and at this second stage, the court uses a higher standard to analyze the similarly situated issue." *Crawford*, 2007 WL 293865 at *5 (citations omitted) (emphasis added); *see also Comer*, 454 F.3d at 547 ("at the second stage, **following discovery**, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated.") (emphasis added); *O'Neal*, 2007 WL 956428 at *6. Therefore, to prevail on a motion for conditional FLSA collective action certification and notice to the class members, the Plaintiffs must only make a threshold showing that they are indeed similarly situated to the employees on whose behalf they seek to pursue the claim.  Indeed, "Plaintiffs must simply submit evidence establishing at least a colorable basis for their claim that a class of similarly situated plaintiffs exists." *O'Neal*, 2007 WL 956428 at *5 (citation omitted). "If plaintiffs meet this relatively **modest requirement**, the court can then approve a notice to be sent to potential plaintiffs who may have been subject to a common policy or plan said to violate the FLSA." *Coan v. Nightingale Home Healthcare, Inc.*, 2005 WL 1799454 *1 (S.D. Ind. 2005) (emphasis added).

At the conditional certification stage, the Court is not required to make a "final determination" that the similarly situated requirement has been met before allowing notice to potential class members.  *Carter*, 2003 WL 23142183 at * 2; *Coan*, 2005 WL 1799454 at *1 (At this stage "the court does not evaluate the potential merits of plaintiffs' claims.")  Indeed, "district courts should be careful not to evaluate the merits of the claims at the initial certification stage." *Mares v. Caesars Entertainment, Inc.*, 2007 WL 118877 at *5 (S.D. Ind. 2007) (citing *Coan*, 2005 WL 1799454 at *1); *see also Comer*, 454 F.3d at 546 (acknowledging that the district court postponed merits and damages discovery until later in the litigation).  Instead, an evaluation of the merits of the claim is reserved for the second, or decertification, stage.

3

2.        **The Proposed Class is Proper Under the FLSA.**

"Generally speaking, at the first stage of conditional certification 'courts 'require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Crawford*, 2007 WL 293865 at *5 (citations omitted). "More specifically, at this first stage, a named plaintiff must provide only a 'modest factual showing' to demonstrate that she is similarly situated to her proposed co-plaintiffs, and the court's review of this modest showing 'is made using a fairly lenient standard,' which 'typically results in 'conditional certification' of a representative class.'" *Id.* (citing *Comer*, 454 F.3d at 547).

"Plaintiffs can meet [their] burden by showing that there is a 'reasonable basis for crediting their assertions that other aggrieved individuals exist in the broad class that they propose.'" *Id.* (citation omitted). "More specifically, they must show only that their positions and those of the group they seek to represent are '***similar, not identical***, to the positions held by the putative class members.'" *Id.* (emphasis added) (citing *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006)). Therefore, at the conditional certification stage, it is enough that the Defendants engaged in a pattern and practice or common policy of failing to pay the plaintiffs for all time that they worked. Analyzing the amount of time improperly deducted, and thus how much is owed to each plaintiff, is appropriate for a later stage of the litigation.[2]

"Courts that require a factual showing at this first stage 'have considered 'factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted,' and whether

---

[2] Even in the more stringent arena of Rule 23 class actions, differences in the amount of damages owed to each putative plaintiff is an insufficient ground to overcome class certification. *See Chesher v. Neyer*, 2005 US DIST LEXIS 35536 (S.D. Ohio, July 19, 2005) ("the fact that class members . . . may suffer varying degrees of injury, will not bar a class action'. . . 'if differences in amounts of individual damages would make a class action improper, a class action for damages would never be possible, because variations in amount of damages among class members are inevitable unless they happen to be factually identical, which is not required under Rule 23.'") (quoting Newberg on Class Actions 3.12).

'as a matter of sound class management, a manageable class exists.'" *Id.* (citation omitted). "Once a group of plaintiffs has made such a showing, the court should conditionally certify the group, 'authorize [the plaintiffs] to proceed with this action as a 'collective action [,]' " and 'allow [the plaintiffs] to notify putative class members of the pendency of this suit.'" *Id.* (citation omitted).

In this case, the Plaintiffs are similarly situated to the putative class members. Each worked for the Defendants, each worked as an Emergency Medical Technician/Ambulance Driver, and each was denied pay as indicated in the Amended Complaint and as previously detailed in the affidavits of the representative plaintiffs. Indeed, the Defendants engaged in a daily pattern and practice of not allowing its employees to take a thirty minute lunch break, but then deducting thirty minutes of pay from each employee's paycheck regardless of whether they were allowed to take a lunch break. Additionally, the employees were not permitted to take their statutorily required rest breaks every four hours. Moreover, several of the putative plaintiffs were required to act as unpaid "preceptors" at new EMT training sessions conducted by the Defendants. The representative plaintiffs, the other opt-in plaintiffs, and the putative plaintiffs are all similarly situated. All are Emergency Medical Technicians/Ambulance Drivers. All worked from the same facility. All were subject to the same pattern and practice by the Defendants. At this stage, therefore, Plaintiffs have successfully met the "modest threshold" of demonstrating that there are other similarly situated individuals who deserve notice of and the opportunity to participate in this collective action lawsuit. Accordingly, the Court should conditionally certify the collective class.

**3.    Defendants' Request for a Stay or Enlargement of Time in Which to Respond Is Contrary to Established Law.**

Defendants wrongfully suggest that "it will be necessary to investigate the merits of

Plaintiffs' claims" before conditionally certifying the collective class.  *See* Defendants' Response at p. 3.  Yet, "district courts should be careful not to evaluate the merits of the claims at the initial certification stage."  *Mares v. Caesars Entertainment, Inc.*, 2007 WL 118877 at *5 (S.D. Ind. 2007) (citing *Coan*, 2005 WL 1799454 at *1).  And the law of this Circuit does *not* require that discovery be completed prior to making the conditional certification decision.  Indeed, the cases cited by the Defendants involve Rule 23 class actions ***not*** a FLSA collective action.  *See* Defendants' Response at p. 4 (citing *Hagen v. City of Winnemucca,* 108 F.R.D. 61, 63-64 (D. Nev. 1985) and *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 64 F.R.D. 43, 49 (D. Del. 1974) and *Equal Employment Opportunity Comm'n v. Detroit Edison Co.*, 515 F.2d 301, 312 (6th Cir. 1975)).

      "Conditional certification should be granted, and notice to prospective co-plaintiffs should be authorized, if the named plaintiff 'demonstrates that she is 'similarly situated' to the other employees she seeks to notify of the pendency of the action.'"  *Crawford*, 2007 WL 293865 at *5 (citations omitted).  **"'Once discovery is complete and more factual information is available to the court, the defendant may file a motion to decertify the class[,]' and at this second stage, 'the court uses a higher standard to analyze the similarly situated issue.'"**  *Id.* (citation omitted) (emphasis added).  Thus, the decertification stage provides the Defendants with ample opportunity to complete written discovery, take depositions, and brief the issues relating to collective action certification.

      It is critical to note that this case was filed over three months ago.  Yet, the Defendants have not propounded a single discovery request or requested a single deposition date.  Moreover, the parties conducted their Rule 26(f) conference on May 14, 2007.  At the conclusion of the conference, defense counsel agreed to prepare a draft of the Rule 26 planning report for

submission to the court.  The draft was to be forwarded to Plaintiffs' counsel by the end of that week.  To date, over 1 ½ months later, defense counsel still has not forwarded the draft report – which explains why the Court has not entered a scheduling order as noted in the Defendants' memorandum.  But, again, the Defendants have no incentive to move this case along.  On the contrary, the Defendants have tremendous financial incentive to delay this Court's conditional certification decision.

Likewise, Defendants have had plenty of time to "investigate the allegations of the Complaint and gather relevant evidence" and review documents and interview its own employees.  *See* Defendants' Response at p. 7.  A six-month delay is unfairly prejudicial to the Defendants' hardworking employees who have been denied pay that was due to them.  Since the statute of limitations continues to run until the employees opt-in to the lawsuit, only the Defendants benefit by such a delay.

The Defendants also suggest that they need discovery to determine if the proposed class is too broad and whether its members are similarly situated.  Yet, the proposed collective class could not be defined any more sufficiently.  The Defendants' need only refer to their own employment records to determine who was employed as an Emergency Medical Technician/Ambulance Driver from March 29, 2004 until present.  The employees were subject to a common plan that denied them overtime pay.  How much time was stolen from each employee is not relevant at this stage and is not relevant for purposes of conditional certification.

   Moreover, the Defendants have failed to appropriately describe the "two-tiered approach" to collective action certification.  In the first phase, there is no requirement that the Court make its decision "after appropriate discovery".  *See* Defendants' Response at p. 5. Rather, some courts have allowed limited discovery (to which, as far as we know, the plaintiffs

could have agreed) to determine whether a proposed class was exempt from the FLSA (i.e., they were not even protected by the FLSA) or whether a class was too broadly defined (i.e., numerous job descriptions and employees in numerous states).

Defendants point to *Comer* for the proposition that discovery should be permitted before certification.  However, *Comer* is distinguishable for several reasons.  First, the *Comer* district court judge was confronted with the issue of whether or not the alleged employees were *exempt* from the FLSA altogether.  *Comer*, 454 F.3d at 546.  Wal-Mart contended that the alleged class members were "bona fide executives and therefore exempt from [the] FLSA's hourly pay requirements."  *Id.* at 546.  Moreover, the plaintiffs were seeking certification of a class that encompassed "all other states" except one.  *Id.* at 547.  Thus, "the district court ordered that discovery proceed in steps."  *Id.* at 546.  "The court first ordered limited discovery related to two questions: 1) whether the suit should properly continue as a collective action, and 2) how best to define the collective action group or class."  *Id.*

Likewise, *Olivo v. GMAC Mortgage Corporation*, another case cited by the Defendants in support of discovery, dealt with whether or not the putative plaintiffs were **exempt** from the FLSA.  The court allowed a two month discovery period, presumably to explore those issues.

In this case, Plaintiffs have proposed a very limited class of Emergency Medical Technicians/Ambulance Drivers.  They all work from one central headquarters, they are governed by the same managers and dispatchers, and they are subject to the same policies and procedures.  None of the employees are exempt from the FLSA –and the Defendants have not even suggested that they are.  Accordingly, unlike *Comer*, there is no need to determine such a threshold issue or to otherwise attempt to limit the class on geographical grounds.  Therefore,

allowing discovery before conditionally certifying the collective class would be inappropriate in this case.

Defendants' citation to *Crawford v. Lexington-Fayette Urban Co. Gov't* is also inapposite. In *Crawford,* the plaintiffs sought both conditional certification **and** Rule 23 class certification at the same time. *Crawford*, 2007 WL 293865 at *1 (E.D. Ky. 2007). Defendant notes that the court "permitted two months of discovery" in *Crawford,* but the reported case itself does not indicate 1) whether that is true; 2) whether the Plaintiff objected to the request or even agreed to it; or 3) under what circumstances or why the court may have allowed discovery. In fact, the defendant in that case alleged that "conditional certification in this case is far more complex than the conditional certification presented in cases such as *Comer*, because the plaintiffs have proposed a collective action group involving nine-sub-classes and numerous, disparate liability claims." *Crawford*, 2007 WL 293865 at *6. Clearly, *Crawford* involved much more complex questions than those presented in this case. And this case is much less complex than even *Comer*; thus, there is no need for discovery in this case due to the limited class proposed by the plaintiffs. Accordingly, the Defendants' motions should be denied.

**4.     There is No Danger of Confusing the Collective Plaintiffs.**

Finally, the Defendants suggest that the Plaintiffs will be confused by receiving an opt-in notice for its FLSA claims, followed by a later opt-out notice pursuant to Rule 23. Much of the confusion stems from the Defendants' misunderstanding of Plaintiffs' claims. It is really very simple. Plaintiffs have FLSA claims that will be prosecuted within the confines of the collective action, while Plaintiffs' separate state law claims will be prosecuted as a Rule 23 class action. It is nonsensical to suggest that any potential confusion outweighs the benefits of allowing the

statute of limitations to expire on the putative plaintiffs' claims –putting hundreds of thousands of dollars in the Defendants' pockets, at the expense of their workers.

Defendants' suggestion that "statute of limitations concerns are irrelevant" is also incredible.  Indeed, the Defendants are well aware that they are saving thousands of dollars for every day that the potential plaintiffs are not given the opportunity to opt-in to this lawsuit. Congress designed the FLSA "to be 'a broadly remedial and humanitarian statute.'" *Fegley v. Higgins*, 19 F.3d 1126, 1132 (6th Cir.) (quoting *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 143 (6th Cir. 1977), cert. denied, 513 U.S. 875 (1994).  The FLSA was not designed to allow Defendants to willfully fail to pay its employees and then engage in protracted litigation designed to allow the statute of limitations expire on their claims.  The statute of limitations is certainly relevant to the current and former employees who are entitled to be paid for all time they worked for the Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that that Court provisionally deem Plaintiffs' FLSA claims as a collective action, approve the proposed class of collective Plaintiffs, and order immediate notice of the collective action to potential members of the collective class.  Moreover, Plaintiffs respectfully request the Defendants' motions be denied.

Respectfully submitted,

BAHE COOK CANTLEY & JONES  PLC
Lawrence L. Jones II
Brent T. Ackerson

  /s/ Lawrence L. Jones II                                    
Kentucky Home Life Building
239 South Fifth Street, Suite 700
Louisville, KY 40202
(502) 587-2002
Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have filed a copy of the foregoing on July 2, 2007.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All parties may access this filing through the Court's system.


     /s/ Lawrence L. Jones II_____
Counsel for Plaintiffs