UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JANA CHRISTINE JONES-TURNER and
PENNY SHERRARD, on their own behalf and
all others similarly situated, known or unknown                     PLAINTIFFS

v.                                                                  CIVIL ACTION NO. 3:07-CV-218-S

YELLOW ENTERPRISE SYSTEMS, LLC
d/b/a YELLOW AMBULANCE SERVICE, et al                               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court upon motion of the plaintiffs to certify a collective action under the Fair Labor Standards Act (FLSA) and for approval of proposed class notice. Plaintiffs also seek an order directing the defendants to produce to plaintiffs their lists of current and former employees.

## BACKGROUND

This is a wage and hour case that has been filed as a putative class action under Federal Rule of Civil Procedure 23 and as a putative collective action under the FLSA. There are two representative plaintiffs and multiple opt-in plaintiffs. The plaintiffs claim that the defendant, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service ("Yellow Ambulance") violated the FLSA, 29 U.S.C. § 201 *et seq*, by failing to pay overtime to its Emergency Medical Technician/Ambulance Driver employees. Plaintiffs also claim that Yellow Ambulance violated the Kentucky Wage and Hour Act, KRS Chapter 337.

Plaintiffs allege that Yellow Ambulance owes them compensation under the FLSA because, even though they did not always receive a meal break, they were nonetheless subjected to an automatic deduction of thirty minutes from their pay for taking a meal break.  They also allege that they were frequently denied rest breaks and were not paid for acting as "preceptors" at training sessions for new emergency medical technicians.  Plaintiffs' motion requests the court to certify this action as a collective action under the FLSA for the following class:

> Current and former Emergency Medical Technician/Ambulance Drivers who currently work or previously worked for the Defendants at any time from March 29, 2004 until the present, and who were not paid for all time worked and/or were not paid overtime wages for work in excess of forty (40) hours per week.

Plaintiffs also seek an order directing the defendants to provide plaintiffs with their lists of current and former Emergency Medical Technician/Ambulance Driver employees, and approval of the proposed class notice and opt-in forms.

## DISCUSSION

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and any employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing..."  29 U.S.C. § 216(b).  Plaintiffs who seek to certify a collective action under the FLSA "bear the burden to establish that they and the class they wish to represent are similarly situated." *Crawford, v. Lexington-Fayette Urban County Gvmt.*, No. 06-299-JBC, 2007 WL 293865 (E.D.Ky. Jan. 26, 2007) at  *4 (citation omitted).

The Sixth Circuit utilizes a two-tiered certification approach for deciding whether a suit can proceed as a collective action under the FLSA.  *Comer v. Wal-Mart, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).   The first stage is known as "conditional certification" and requires the court to

determine whether notice of the pending action and the opportunity to "opt-in" should be given to potential class members. *Crawford*, 2007 WL 293865 at *5 (citation omitted). At the conditional certification stage, plaintiffs need only show that their positions and those of the group they seek to represent are "similar, not identical." *Comer*, F.3d at 546-47 (citation omitted). "Once discovery is complete and more factual information is available to the court, the defendant may file a motion to decertify the class and at this second stage, the court uses a higher standard to analyze the similarly situated issue. *Crawford*, 2007 WL 293865 at *5 (internal quotations and citations omitted).

"Generally speaking, at the first stage of conditional certification, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotations and citations omitted). At this stage, the named plaintiffs need only provide a modest factual showing to demonstrate that they are similarly situated to the putative plaintiffs, and the court's review of this modest showing is made using a fairly lenient standard. *Comer*, 454 F.3d at 547 (quotations and citations omitted). Such review "typically results in conditional certification of a representative class." *Id.* (internal quotations and citations omitted); *see also Roebuck v. Hudson Valley Farms, Inc.*, 239 F.Supp.2d 234, 238 (N.D.N.Y. 2002) (to gain court approval for notice to similarly situated persons, plaintiffs must "make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law"). "Because a decision to grant conditional certification is 'by no means final. . . a conditional order approving notice to prospective co-plaintiffs in a suit under [29 U.S.C.] § 216(b) is not appealable.'" *Crawford*, 2007 WL 293865 at *5 (citing *Comer*, 454 F.3d at 546, 549).

In determining whether the plaintiffs have made the required factual showing, courts "have considered factors such as whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of widespread discriminatory plan was submitted; and whether as a matter of sound class management, a manageable class exists." *Crawford*, 2007 WL 293865 at *6 (internal quotations and citations omitted). For the plaintiffs in this case to establish that other Yellow Ambulance Emergency Medical Technician/Ambulance Drivers are similarly situated, they must show that, like them, other employees were denied breaks but were nonetheless subjected to a deduction from their pay for taking such breaks. The plaintiffs have offered affidavits from the two named plaintiffs, testimony of past and current employees, and opt-in forms from additional employees that support this position.

The court conducted a hearing on the issue of conditional certification on October 16, 2007. The testimony at the hearing revealed that Yellow Ambulance has a written policy in place to ensure that employees that miss a meal break are compensated for that break. This policy requires employees to fill out and submit "no lunch" slips for meal breaks that they miss. However, multiple employees testified that Yellow Ambulance ignored its policy by engaging in a practice of frequently denying or ignoring the slips. The testimony indicates that this practice was "common knowledge" and widespread. Jones-Turner Dep. at 58-59; Sherrard Dep at 98; Goldman Testimony at 20; Weisenberger Testimony at 70-71; Hale Testimony at 89.

Yellow Ambulance argues that whether an employee's no lunch slip is reimbursed depends upon the particular shift and location worked by the employee. Thus, Yellow Ambulance argues that the plaintiffs have failed to show that putative plaintiffs are similarly situated. Yellow Ambulance relies on *Dudley v. Tex. Waste Sys. Inc.*, No. Civ.A.SA-05-CA-0078, 2005 WL 1140605

(W.D. Tex. May 16, 2005), for support. However, in *Crawford v. Lexington-Fayette Urban County Government*, the court noted that:

> In *Dudley*, a district court denied conditional certification for a proposed collective action because it found that the plaintiff had failed to present any evidence refuting [the defendant's] written policy that employees were admonished to take their lunch breaks. The plaintiffs in this case, however, have presented evidence that the defendant's actual policy was to admonish employees to document breaks even if they were unable to take their breaks. Therefore, *Dudley* is. . . inapposite.

2007 WL 293865 at *6 n. 3 (internal quotations and citations omitted). In the case before this court, the plaintiffs have also presented evidence supporting their claims that Yellow Ambulance ignored its no lunch slip reimbursement policy by engaging in a practice of frequently denying or ignoring the slips. Therefore, like the *Crawford* court, we also find *Dudley* inapposite.

Under the lenient standard of review for certification of a collective action, the affidavits and testimony offered by the plaintiffs are sufficient to show that they are similarly situated to other Yellow Ambulance Emergency Medical Technician/Ambulance Drivers. All are victims of Yellow Ambulance's alleged practice of denying Emergency Technician/Ambulance Drivers breaks and then deducting those breaks time from their pay regardless of whether a "no lunch" slip was submitted. As a result the plaintiffs have made the modest factual showing required for conditional certification of a collective action.

For the reasons set forth above, the plaintiffs' motion to certify collective action status will be conditionally granted and the defendants will be required to provide plaintiffs with their lists of current and former employees. Additionally, the plaintiffs' motion for approval of proposed class notice will be granted. A separate order will be entered herein this date in accordance with this opinion.