UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| JANA CHRISTINE JONES-TURNER, PENNEY SHERRARD, and WESLEY VARDEMAN on their own behalf and all others similarly situated, known or unknown, | ) ) ) ) ) | *ELECTRONICALLY FILED* |
| PLAINTIFFS | ) ) | COLLECTIVE ACTION AND CLASS ACTION |
| v. | ) ) | Case No. 3:07CV-218-S |
| YELLOW ENTERPRISE SYSTEMS, LLC d/b/a YELLOW AMBULANCE SERVICE, et al. | ) ) ) ) | |
| DEFENDANTS. | ) ) | |

\* \* \* \* \* \* \* \* \* \*

## AMENDED COMPLAINT

1.    This case arises from the Defendants' failure to pay wages for all hours worked to their emergency medical technicians/ambulance drivers and Defendants' failure to allow their workers to take meal and rest breaks required by Kentucky law.  Additionally, Defendant's conduct violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the FLSA").  Plaintiff seeks permanent injunctive relief and damages for herself and all putative plaintiffs.

2.    Plaintiff, Jana Christine Jones-Turner, is a resident of Jefferson County, Kentucky, within the jurisdiction and venue of this Court.

3.    Plaintiff, Penney Sherrard, is a resident of New Albany, Indiana.

4.    Plaintiff Wesley Vardeman is a resident of Jefferson County, Kentucky.

5.    Defendant, Yellow Enterprise Systems, LLC D/B/A Yellow Ambulance Service, is a Kentucky limited liability company doing business in Jefferson County, and at all times

material hereto has been an employer as defined in KRS 337.010(1)(d) and contemplated in KRS 337.202 through 337.285.

6. Defendant, Louisville Transportation Company, is a Kentucky corporation doing business in Jefferson County, and at all times material hereto has been an employer as defined in KRS 337.010(1)(d) and contemplated in KRS 337.202 through 337.285.

7. At all relevant times, the Defendants continuously met the requirements to be deemed an "employer" pursuant to 29 U.S.C. § 203(d).

8. Defendants are each deemed to be an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203(r)-(s).

9. At all times relevant hereto and through today's date, the Plaintiffs and all putative plaintiffs were employed by the Defendants as Emergency Medical Technicians/Ambulance Drivers, and were non-exempt employees as defined in KRS 337.010(2)(a) and contemplated in KRS 337.202 through 337.285 and within the meaning of 29 U.S.C. § 203(e)(1).

10. Throughout the Plaintiffs' tenure at the Defendants' companies, the Defendants suffered or permitted the Plaintiffs and the putative plaintiffs to work hours totaling more than forty during each work week.

11. Defendants failed to pay the Plaintiffs and the putative plaintiffs at the rate of one and one half times their base hourly rate for those hours over forty (40) worked by the Plaintiffs and putative plaintiffs as alleged above.

12. Additionally, the Defendants regularly failed to permit the Plaintiffs and putative plaintiffs to take their respective meal breaks as required by KRS 337.355 and their rest breaks as required by KRS 337.365.

13. Moreover, despite suffering or permitting the Plaintiffs and the putative plaintiffs to work without a meal break, the Defendants deducted thirty minutes per day from each employees' pay as though they had actually taken a meal break.

14. Additionally, Defendants required Plaintiff Sherrard and other putative plaintiffs to act as "preceptors" at the sessions during which the Defendants trained new EMT workers. Despite working approximately twelve hour shifts as preceptors, Plaintiff Sherrard and the putative plaintiffs were not paid for their time.

15. The above-described failure of the Defendants to pay the Plaintiffs and the putative plaintiffs at the rate of one and one half times the base hourly rate was willful.

16. Pursuant to Kentucky Rule of Civil Procedure 23, a class action is appropriate because a) the class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (d) the representative parties will fairly and adequately protect the interests of the class.

17. Additionally, class treatment is appropriate because (b) the Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole and/or questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I
### Violations of KRS 337.285, 337.355, 337.365 and 337.385

18. Plaintiffs and the putative plaintiffs reallege and reincorporate the paragraphs above.

3

19. For several years, Defendants have failed to allow the Plaintiffs and the putative plaintiffs to take their meal breaks on each shift as required by KRS 337.355.

20. For several years, Defendants have failed to allow Plaintiffs and the putative plaintiffs to take their rest breaks as required by KRS 337.365.

21. For several years, Defendants have engaged in the practice of deducting 30 minutes each day from the Plaintiffs' and the putative plaintiffs' compensable time, without regard to whether the employee actually took a meal break or how long the employee actually spent on such a break.

22. For several years, Defendants have failed to pay the employees who acted as "preceptors" at the EMT training sessions.

23. As a result, during the last several years, Defendants have engaged in the practice of not paying its employees all wages due for hours worked in excess of forty (40) each week as required by KRS 337.285.

24. Defendants' conduct was willful.

25. Plaintiffs and the putative plaintiffs are entitled under KRS 337.385(1) to recovery of unpaid wages, liquidated damages and attorneys' fees.

26. Furthermore, should Defendants suspend, sell, or transfer their business, or should Defendants' assets be taken in attachment or execution, or be assigned for the benefit of creditors, Plaintiffs and the putative plaintiffs are entitled to a lien for unpaid wages pursuant to KRS 376.150 through 376.180.

## COUNT II
### Violation of the Fair Labor Standards Act

27. Plaintiffs and the putative plaintiffs reallege and reincorporate the paragraphs above.

28. This count arises from Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

29. Pursuant to 29 U.S.C. § 206, an employer is required to pay its employees a mandatory minimum wage for each hour worked by its employees.

30. Pursuant to 29 U.S.C. § 207, Plaintiffs and the putative plaintiffs were entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours in a workweek.

31. During the course of their employment, Defendants did not compensate the Plaintiffs and the putative plaintiffs for each hour worked as required by 29 U.S.C. § 206.

32. During the course of their employment, Defendants did not compensate the Plaintiffs and the putative plaintiffs at a rate of one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours in individual workweeks as required by 29 U.S.C. § 207.

33. Defendants have willfully violated (and continue to violate) Section 206 of the Fair Labor Standards Act by refusing to pay the employees the required minimum wage for each hour worked.

34. Defendants have willfully violated (and continue to violate) Section 207 of the Fair Labor Standards Act by refusing to pay the employees their earned overtime wages.

35. Plaintiffs and the putative plaintiffs are entitled to recover their unpaid minimum wages and their unpaid overtime compensation, as the case may be, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b). Additionally, they are entitled to an award of their attorneys' fees and legal costs associated with bringing this action pursuant to 29 U.S.C. § 216(b).

36. This case is appropriate for treatment as a "collective action" pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand:

A. Judgment against the Defendants in an amount in excess of the jurisdictional limit of this Court, fairly and adequately compensating the Plaintiffs and the putative plaintiffs for the unpaid regular and/or overtime wages;

B. Liquidated damages as provided by state and federal law;

C. Reasonable attorneys' fees and costs incurred in connection with this action;

D. Pre-judgment and post-judgment interest;

E. Such other and further relief as this Court deems appropriate and just, including injunctive relief; and

F. Trial by jury for all issues so triable.

                Respectfully submitted,

                BAHE COOK CANTLEY & JONES PLC
                Lawrence L. Jones II
                Brent T. Ackerson

                _____
                Kentucky Home Life Building
                239 South Fifth Street, Suite 700
                Louisville, Kentucky 40202
                (502) 587-2002
                Counsel for Plaintiffs