UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| JANA CHRISTINE JONES-TURNER, et al. ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV218-S |
| ) | |
| YELLOW ENTERPRISE SYSTEMS, LLC, et al. ) | |
| ) | |
| DEFENDANTS ) | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION

Claiming that recent case law sheds no light on the dispute at hand, Plaintiffs ask this Court to deny Defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company ("Yellow Ambulance"), Motion for Leave to File a Supplemental Brief and to ignore recent decisions by the United States Supreme Court and Sixth Circuit Court of Appeals.[1] The cases cited in the Supplemental Brief demonstrate that individual deviations from an employer's policies preclude the existence of common questions of law or fact under Fed. R. Civ. P. 23 and that merits-based classes cannot be certified. Consequently, Defendants' Motion for Leave to File a Supplemental Brief should be granted.

Contrary to Plaintiffs' assertion, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. \_\_\_\_, 2011 WL 2437013 (2011), is relevant to this action and, in fact, addresses the very question at

---

[1] Curiously, Plaintiffs also find fault with Defendants for tendering the proposed Supplemental Brief along with the Motion for Leave to File a Supplemental Brief despite the fact that supplemental or amended filings are commonly tendered with a motion for leave to file.

issue—whether commonality exists. Plaintiffs dismiss *Wal-Mart* as inapposite because it involves a nationwide class across multiple stores in multiple states. But Plaintiffs miss the key to the Court's holding in *Wal-Mart.* The Court held that the plaintiffs' claims may only be certified if they "generate common *answers* apt to drive the resolution of the litigation." *Id.* at *7 (citation omitted). The lesson to be learned from *Wal-Mart* is that a class cannot be certified based upon alleged deviations from an express policy that in itself is lawful because common questions are lacking. Here, Yellow Ambulance has a policy requiring employees who do not receive a meal break to report that time so that they can be compensated. "On its face, of course, that is just the opposite of a uniform employment practice that would provide the commonality needed for a class action." *Id.* at *9. *See Pipefitters Local 636 Insurance Fund v. Blue Cross Blue Shield of Michigan*, ___ F.3d ___, 2011 WL 3524325 at *9-10 (6th Cir. 2011) (following *Wal-Mart* and holding that 23(b)(3) was not satisfied because "there is no common contention capable of classwide resolution such 'that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke'" and that a class action was not a superior method of proceeding where the court would be required to conduct individual inquiries); *see also MacGregor v. Farmers Insurance Exchange*, 2011 WL 2981466 at *5 (D.S.C. 2011) (following *Wal-Mart* and refusing to certify a collective action based in part upon automatic deduction of lunch breaks where automatic deduction of required lunch breaks is not a per se violation of the FLSA and an "analysis of lunch breaks will require the court, and eventually a jury, to determine whether each individual [employee] actually took lunch breaks, their frequency and duration, whether each [employee's] supervisor advised the employee how to report worked lunch breaks, whether the employee did in fact report worked lunch breaks, and how many, if any of these worked lunch breaks were compensated.").

Furthermore, although Plaintiffs take the position that *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347 (6th Cir. 2011), has no bearing on this case, they appear to concede that, according to *Randleman*, their proposed class definition is improper. Consequently, they suggest that they be permitted to amend the class definition. The class definition proposed by Plaintiffs is still improper and is overly broad. It does nothing to alleviate the need to engage in individual inquiries to determine who, if anyone would be entitled to relief. Accordingly, Plaintiffs' Motion for Class Certification must be denied.

## CONCLUSION

Defendants' Motion for Leave to File a Supplemental Brief should be granted. Yellow Ambulance has no overarching policy or procedure that violates Kentucky wage and hour law. As recent case law has made clear, Plaintiffs have failed to demonstrate that common questions of fact or law exist. Individualized questions, along with Yellow Ambulance's individualized defenses, require that Plaintiffs' Motion for Class Certification be denied.

Respectfully submitted,

s / Mitzi D. Wyrick
Edwin S. Hopson
ehopson@wyattfirm.com
Mitzi D. Wyrick
mitziwyrick@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.598.5235
502.589.0309

*Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company*

3

## CERTIFICATE OF SERVICE

    I hereby certify that on **August 25, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to:

Lawrence L. Jones, II
larry@people-lawyers.com
and
Brent T. Ackerson
brent@people-lawyers.com

                              s / Mitzi D. Wyrick
                              Mitzi D. Wyrick
                              mitziwyrick@wyattfirm.com

                              *One of Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company*

60060473.2