UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| JANA CHRISTINE JONES-TURNER, et al.    ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v.                                                                      ) | CIVIL ACTION NO. 3:07CV218-S |
| ) | |
| YELLOW ENTERPRISE SYSTEMS, LLC, et al.    ) | |
| ) | |
| DEFENDANTS ) | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION**

Despite the fact that Defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service and Louisville Transportation Company's (collectively "Yellow Ambulance") policies and practices did not require Plaintiffs to act as preceptors and did not require Plaintiffs to work through breaks without being paid, Plaintiffs have alleged that since as far back as March 29, 2002, certain employees of Yellow Ambulance have been required to work through their rest and meal breaks and have been denied overtime pay for work performed. But if there were deviations from Yellow Ambulance's policies, those deviations occurred on an individual basis with each EMT, ambulance driver, paramedic and dispatcher.

Recent decisions by the United States Supreme Court and Sixth Circuit Court of Appeals have cemented the rule that individual deviations from an employer's policies preclude the existence of common questions of law or fact under Fed. R. Civ. P. 23. It is clear from the record that no class can be certified because no common questions of fact or law exist in light of the numerous individual experiences of Plaintiffs. Moreover, Plaintiffs' merits-based class

cannot be certified nor can a class be certified under Fed. R. Civ. P. 23(b)(2). Plaintiffs' motion for class certification should be denied.

## ARGUMENT

### 1. Plaintiffs' Class Is Not Objectively Defined

Since the initial briefing was completed, the Sixth Circuit Court of Appeals has clarified that Plaintiffs' proposed class is improper and cannot be certified. Here, Plaintiffs allege that they represent:

> Current and former Emergency Medical Technicians, Ambulance Drivers, Paramedics and Dispatchers who currently work or previously worked for the Defendants at any time from March 29, 2002 until the present, and *(a) who were not paid for all time worked and/or were not paid overtime wages for work in excess of forty (40) hours per week as required by Kentucky law; (b) who were not granted meal breaks in accordance with KRS 337.355; (c) who were not granted rest breaks every four hours as mandated by KRS 337.365; and (d) who were subjected to automatic pay deductions for meals without verification of whether or not they received uninterrupted meal break as required by Kentucky law.*

[Plaintiffs' Memo, 2] (emphasis added). This "merits-based" or "fail-safe" class definition inappropriately forces a decision on the merits of an individual's claim before determining whether he or she is a member of the class. Here, it is impossible to identify the members of Plaintiffs' class based on objective criteria. Instead, Plaintiffs would have this court decide whether any particular employee was properly paid and whether that employee received rest and/or meal breaks as required by Kentucky law. Without conducting an individual, employee-by-employee inquiry, no one can determine who is a member of the class and without determining whether Plaintiffs will be successful on the merits, it is impossible to determine whether any particular employee is a member of the class.

In *Randleman v. Fidelity Nat'l Title Ins. Co.*, ___ F.3d ___, 2011 WL 1833198 (6th Cir. 2011), the court found that a class definition that included only those "entitled to relief"

> [was] an improper fail-safe class that shields the putative class members from receiving an adverse judgment. Either the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment.

*Id.* at *4. Likewise, Plaintiffs' proposed class consists of individuals who "were not paid for all time worked," "were not paid overtime," and who were not granted rest or meal breaks as required by Kentucky law. Consequently, the class proposed by Plaintiffs cannot be certified.

### 2. Plaintiffs Cannot Establish the Commonality Requirement for Certification Under Rule 23(a)

A recent United States Supreme Court decision establishes that Plaintiffs cannot satisfy the commonality requirement of Rule 23. According to Rule 23(a)(2), one or more members of a class may sue as representative parties on behalf of all class members *only if* there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). The commonality requirement cannot be met if each class member's claim would necessitate an individualized determination of liability. *See Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (finding that need for individualized liability determinations precluded class treatment). The United States Supreme Court affirmed this requirement in *Wal-Mart Stores, Inc. v. Dukes.* .

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ___, 2011 WL 2437013 (2011), there was no express corporate policy against the advancement of women. *Id.* at *4. Nevertheless, plaintiffs claimed that individual managers' discretion over pay and promotions was exercised disproportionately in favor of men. *Id.* at *1. There, the court stated that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.*

3

at *7 (citation omitted). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id.*[1] Importantly, the court held that:

> Their claims must depend upon a common contention....That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

*Id*.

> What matters to class certification … is not the raising of common 'questions' –even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (citation omitted).

Here, "it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question[s]." *Id.*.

As in *Wal-Mart*, Plaintiffs base their claims upon an alleged failure to follow an express policy.[2] Here, Yellow Ambulance has a policy requiring employees who do not receive a meal break to report that time so that they can be compensated. "On its face, of course, that is just the

---

[1] "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. We recognized in *Falcon* that 'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," *id.* at 161; see *id.* at 160 ("[A]ctual, not presumed, conformance with Rule 23(a) remains … indispensable."). Frequently, that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim That cannot be helped. "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.""

*Id.* at *7 (citations omitted).

opposite of a uniform employment practice that would provide the commonality needed for a class action." *Id.* at *9. Here, demonstrating whether one employee was improperly denied compensation for a meal break will do nothing to demonstrate whether another employee missed or was denied compensation for a meal break. Likewise, demonstrating whether one employee voluntarily acted as a preceptor cannot prove that another employee did or did not act voluntarily as a preceptor. Plaintiffs are unable to show that all the proposed class members' claims will depend on the answers to common questions.[3]

Similarly, in *Randleman,* the Sixth Circuit denied class certification where common issues did not predominate because determining liability would require an examination of individual questions. There, the plaintiffs contended that they were entitled to a discount on title insurance because of their prior purchase of policies. The court determined that it would be necessary to examine each individual policy to determine if defendant had received a copy of the prior policy and this highly individual inquiry was essential to proving liability. "B]ecause the [plaintiffs] have defined the class and presented their claim in a manner that requires substantial, individual inquiries, the district court's decision decertifying the class was not an abuse of discretion" *Id.* at *5. "While the need to prove damages or establish class membership on an

---

(…continued)

[2] Plaintiff has admitted that there was no policy or practice not to pay employees for missed lunches or to require employees to work through rest breaks [Sherrard Depo. 95, 96]. *Cf. Brickey v. Dolgencorp., Inc.,* 272 F.R.D. 344, 348 (W.D. N.Y. 2011) ( "The Court declines to hold that facially-lawful policies, which encourage store management to make productive use of employees' time or to report for work when scheduled, can form the equivalent of a 'common policy or plan that violate[s] the law,' merely because they *indirectly* might encourage the minimization of overtime.").

[3] Nor can the existence of an automatic deduction for meal breaks constitute a common question of fact or law. As was the case in *Wal-Mart*, the policy at issue, here an automatic deduction policy, is not in itself a violation of law.

individual basis is not fatal to class certification, liability is a central issue in this matter and the [plaintiffs'] claims can only be determined on an individual basis" *Id.; see also Brickey v. Dolgencorp., Inc.*, 272 F.R.D. 344, 349 (W.D. N.Y. 2011) ("Although plaintiffs allege that the uniform, nationwide Dolgencorp policies are the basis for their claims, the plaintiffs' claims essentially concern the indirect *effect* of certain policies—as they were enforced or abused to varying degrees by certain managers in certain stores and in certain ways. Because the plaintiffs' claims arose in different stores, under different managers, who reacted to Dolgencorp's hours allocation policy and other policies cited by plaintiffs, to varying degrees and in different ways, the claims are too highly individualized to form the basis for a proper class action."). As is the case here, the lack of common issues precludes class certification.

Ignoring the myriad of questions that will have to be resolved to proceed on a classwide basis, Plaintiffs have claimed that the overarching common question to be addressed is whether Yellow Ambulance is required to pay its employees for all hours worked. Yet the answer to this question does nothing to advance the claims of the class or even to determine whether there is anyone who failed to receive pay for all hours worked.

Similarly, Plaintiffs' identification of common questions such as whether Yellow Ambulance failed to grant lunch breaks between the third and fifth hours of the shift; whether employees received lunch breaks; whether employees were "completely relieved of their duties" during breaks; whether Yellow Ambulance confirmed that employees received a lunch break before deducting ½ hour from their pay; and whether employees were paid for weekend training sessions are not common questions at all. Instead, all of these questions necessarily involve an individualized examination of each employees' work day, breaks, and pay.

The litany of fact-specific issues that must be adjudicated on an employee-by-employee basis preclude class certification. Plaintiffs have not demonstrated the requisite common proof to maintain a class action. As the record amply demonstrates, there is no common experience regarding the shifts worked by EMTs, the opportunity for breaks, whether a missed lunch slip was submitted, and whether EMTs were paid for missed lunches. Likewise, there is no common proof regarding whether employees volunteered as preceptors. These "issues" do nothing to advance the litigation, and, in fact, may be answered differently as to each and every individual claimant.

### 3. Plaintiffs' Cannot Satisfy Rule 23(B)(2).

Plaintiffs cannot satisfy the requirements of Rule 23(b)(2). Rule 23(b)(2) applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In *Wal-Mart,* the Supreme Court held that a class cannot be certified under Fed. R. Civ. P. 23(b)(2) where monetary damages are sought.

In *Wal-Mart*, the court held that claims for monetary relief may not be certified under 23(b)(2) where the monetary relief is not incidental to the injunctive or declaratory relief. Certification under 23(b)(2):

> applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages."

*Id.* at 12.

7

Furthermore, because former employees (who are included in Plaintiffs' proposed class) have no standing to seek declaratory or injunctive relief, a class cannot be certified under Rule 23(b)(2). *Id.* at *14.

In addition, Yellow Ambulance has the right to demonstrate that plaintiffs did not receive pay for meal breaks or for volunteering as a preceptor for lawful reasons. In *Wal-Mart*, the court rejected what it termed trial by formula and held that "a class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defense to individual claims." *Id.* at *15. Here, Yellow Ambulance has individual defenses that must be litigated on an individual basis.

> 4. **A Class Cannot be Certified Where Plaintiffs are Also Seeking to Have a Collective Action Certified.**

An opt-out class cannot be certified under Rule 23 where Plaintiffs are also seeking to have an opt-in collective action certified. In *Bell v. Citizens Financial Group, Inc.*, 2011 WL 2261117 (W.D. Pa. 2011), the court held that: "Allowing a Rule 23 opt-out action to proceed in the same lawsuit as an opt-in FLSA action would allow plaintiffs to evade the requirements of the FLSA by permitting litigation through a representative action and bringing unnamed plaintiffs into the lawsuit" and would eviscerate the opt-in requirement of the FLSA. *Id.* at *5. Consequently, the court denied the plaintiffs' motion for class certification because the "incompatibility between the opt-in collective action and the opt-out class action is such that the plaintiffs' Rule 23 claims cannot proceed as class actions in so far as they overlap with their FLSA claims." *Id.* at *5.

## **CONCLUSION**

Yellow Ambulance has no overarching policy or procedure that violates the Kentucky wage and hour law. Instead, individual examinations of whether Yellow Ambulance's EMTs,

ambulance drivers, paramedics and dispatchers had an opportunity to take a meal break; when the meal break occurred; whether they requested compensation for missed breaks; and whether they were paid for a meal break will need to be performed. In addition, individual examinations surrounding whether employees volunteered to act as preceptors will have to be examined. Plaintiffs have failed to demonstrate that common questions of fact or law exist. These individualized questions, along with Yellow Ambulance's individualized defenses, require that Plaintiffs' motion for class certification be denied.

                                                      Respectfully submitted,

                                                      <u>s / Mitzi D. Wyrick</u>
                                                      Edwin S. Hopson
                                                      ehopson@wyattfirm.com
                                                      Mitzi D. Wyrick
                                                      mitziwyrick@wyattfirm.com
                                                      WYATT, TARRANT & COMBS, LLP
                                                      500 West Jefferson Street, Suite 2800
                                                      Louisville, Kentucky 40202-2898
                                                      502.598.5235

                                                      ***Counsel for Yellow Enterprise Systems, LLC***
                                                      ***d/b/a Yellow Ambulance and Louisville***
                                                      ***Transportation Company***

**CERTIFICATE OF SERVICE**

    I hereby certify that on **July 15, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to:

Lawrence L. Jones, II
larry@people-lawyers.com
and
Brent T. Ackerson
brent@people-lawyers.com

                                                s / Mitzi D. Wyrick
                                                Mitzi D. Wyrick
                                                mitziwyrick@wyattfirm.com

*One of Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company*

60037616.1

10