UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| JANA CHRISTINE JONES-TURNER, et al. ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV218-S |
| ) | |
| YELLOW ENTERPRISE SYSTEMS, LLC, et al. ) | |
| ) | |
| DEFENDANTS ) | |

**DEFENDANTS' REPLY IN SUPPORT OF
SUPPLEMENTAL BRIEF IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR RULE 23 CLASS CERTIFICATION</u>**

Dismissing the applicability of the United States Supreme Court's guidance in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ____, 2011 WL 2437013 (2011), Plaintiffs contend that a class should be certified despite the fact that Defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service and Louisville Transportation Company's (collectively "Yellow Ambulance") policies did not violate the law. Plaintiffs dismiss *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. ____, 2011 WL 2437013 (2011), simply because it involved a much bigger class than is at issue here. Size, however, is not the test. The Supreme Court did not rule that the class should not have been certified simply because it was too large. Instead, the Supreme Court found that certification was inappropriate because the Plaintiffs' claims must depend on a common contention that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. "What matters to class certification … is not the raising of common 'questions'

–even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* (citation omitted).

Here, "it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question[s]." *Id.*. And Plaintiffs have offered no explanation of how the issue of whether an employee had the opportunity to take a meal or rest break, when any particular meal or rest break occurred, whether the employee was paid for a missed break, whether the employee submitted a missed lunch slip, and whether plaintiffs requested a break can be litigated in one stroke. Establishing that one employee was improperly denied compensation for a meal break will do nothing to establish that another employee missed or was denied compensation for a meal break. Likewise, demonstrating whether one employee voluntarily acted as a preceptor cannot prove that another employee did or did not act voluntarily as a preceptor.

Plaintiffs cannot escape the fact that a policy to deduct meal breaks automatically does not in itself violate the law. Consequently, they must prove individual deviations from Yellow Ambulance's policy. The fact-specific issues that must be adjudicated on an employee-by-employee basis preclude class certification. As the record amply demonstrates, there is no common experience regarding the shifts worked by EMTs, the opportunity for breaks, whether a missed lunch slip was submitted, and whether EMTs were paid for missed lunches. Likewise, there is no common proof regarding whether employees volunteered as preceptors. These allegedly common questions do nothing to advance the litigation, and, in fact, may be answered differently as to each and every individual claimant.

In addition, ignoring the teachings of *Wal-Mart,*, Plaintiffs steadfastly maintain that a class should be certified under Rule 23(b)(2). But in *Wal-Mart,* the Supreme Court held

that a class cannot be certified under Fed. R. Civ. P. 23(b)(2) where monetary damages are sought. Because Plaintiffs are seeking monetary damages in this action, certification under Rule 23(b)(2) is inappropriate. Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Id.* at 12. Furthermore, because former employees (who are included in Plaintiffs' proposed class and are proposed class representatives) have no standing to seek declaratory or injunctive relief, a class cannot be certified under Rule 23(b)(2). *Id.* at *14. Plaintiffs' motion for class certification should be denied.

## CONCLUSION

Plaintiffs have failed to demonstrate that common questions of fact or law exist. Therefore, Plaintiffs' motion for class certification should be denied.

Respectfully submitted,

s / Mitzi D. Wyrick
Edwin S. Hopson
ehopson@wyattfirm.com
Mitzi D. Wyrick
mitziwyrick@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.598.5235

*Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **October 3, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to:

Lawrence L. Jones, II
larry@people-lawyers.com
and
Brent T. Ackerson
brent@people-lawyers.com

                                            s / Mitzi D. Wyrick
                                            Mitzi D. Wyrick
                                            mitziwyrick@wyattfirm.com
                                            ***One of Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company***

60079138.2

4