UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JANA CHRISTINE JONES-TURNER, et al.                               PLAINTIFFS

v.                                       CIVIL ACTION NO. 3:07CV-218-S

YELLOW ENTERPRISE SYSTEMS, LLC
d/b/a YELLOW AMBULANCE SERVICE, et al.                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service, *et al.*, for decertification of the conditionally certified class of "current and former Emergency Medical Technician/Ambulance Drivers (collectively herein "EMTs") who currently work or previously worked for the Defendants at any time from March 29, 2004 until the present, and who were not paid for all time worked and/or were not paid overtime wages for work in excess of forty (40) hours per week." (the "FLSA [Fair Labor Standards Act] conditional class"). The court also has before it the motion of the plaintiffs, Jana Christine Jones-Turner, *et al.*, for class certification with respect to their state law wage and hour claims, alleging that Yellow Ambulance engaged in an intentional or reckless pattern and practice of violating Kentucky law with regard to its employees' rights to lunch breaks, rest breaks and overtime pay. For the following reasons, the motion to decertify the FLSA conditional class (DN 76) will be granted and the motion for certification of a state wage and hour class (DN 77) will be denied.

In this action, the plaintiffs allege that Yellow Ambulance must compensate them for the automatic deduction of thirty minutes' pay which was not re-credited to them for occasions when

they did not receive a meal break during a shift or when they did not receive an FLSA-satisfactory meal break. They also allege that they were frequently denied rest breaks and were not paid for acting as "preceptors" at training sessions for new emergency medical technicians. The standard for conditional certification being much more lenient than certification later in the litigation, the court granted conditional certification of the proposed FLSA class. Notice was sent to over 900 current and former EMTs. 77 chose to join to "opt-in" to the action.

The parties agree that the FLSA does not require that meal and rest breaks be provided. However, where a meal break is provided but an employee is not completely relieved of his duties for an uninterrupted thirty-minute period, the meal break becomes compensable, as the employee remains essentially on-the-clock for the benefit of the employer. Since approximately 1999, it has been Yellow Ambulance's policy to pay its employees for 8 hours for an 8 ½-hour workday, deducting for a 30-minute unpaid meal break. Due to the nature of the work, meal breaks are not guaranteed. In order to ensure that they are paid for all time worked, employees must submit a "missed lunch slip" so that the missed meal time is properly compensated.

There is nothing inherently impermissible about the means by which Yellow Ambulance calculates its employees' pay. Indeed, the plaintiffs state in their response brief that "the FLSA [portion of the] case is about whether or not Yellow had a policy of providing its employees with thirty minute uninterrupted meal breaks, thus making the time a bona fide meal break. If the employees were completely relieved of their duties for an uninterrupted thirty-minute period, then Yellow's practice of deducting thirty minutes of pay was lawful. If, however, the employees were "on stand-by" status and thus "engaged to wait" for the next run, then Yellow's automatic

deductions are tantamount to theft from its own employees." Response, p. 2. The court in *Saleen v. Waste Management, Inc.*, 649 F.Supp.2d 937, 940 (D.Minn. 2009) faced similar facts:

> Plaintiffs do not contend that any of WMI's written policies are, on their face, illegal. To the contrary, plaintiffs concede that WMI may, consistent with the FLSA, presume that employees take a half-hour meal break. Plaintiffs also concede that WMI may ask employees to inform WMI when they work through lunch. Plaintiffs further agree that, as long as WMI reverses the half-hour deduction when it becomes aware that a worker has not taken a meal break, WMI does not act unlawfully. This is exactly what WMI's written policy requires, and, according to WMI, this is exactly what WMI does.

The wrong allegedly inflicted upon the employees in the case at bar does not derive from the automatic deduction of thirty minutes' pay, a condition common to all EMTs. Rather, the alleged injury results from a failure to pay EMTs for compensable meal time (*ie.*, a missed or otherwise FLSA-unsatisfactory meal) if and when it occurs.

The EMTs in the case at bar are unlike the plaintiffs in *Crawford v. Lexington-Fayette Urban County Government*, 2008 WL 2885230 (E.D.Ky. July 22, 2008), corrections officers (1) who all allegedly performed tasks, though varied, during their lunch breaks; and (2) who, while on break, remained the only staff who could respond to emergency situations, and were required to so respond. The court in *Crawford* certified the class of plaintiffs, finding that they all shared a common claim that they did not receive a bona fide meal break. *Id.* at p. 8.

By contrast, the EMTs at Yellow Ambulance are required to request approval for a lunch break and provide their exact location. Dispatchers approve or disapprove meal breaks depending upon call volume and available units, and breaks are not guaranteed. Breaks are more readily available on some shifts than others. Yellow Ambulance has adduced evidence that (1) whether EMTs, in fact, call in for meal breaks or turn in a "missed lunch slip" has varied from individual to

individual; (2) all employees are encouraged to take advantage of slower periods and take a meal break; (3) all employees receive orientation concerning the company's policies and procedures; and (4) some employees have followed the company's procedures and were compensated for missed lunches.

It is unclear from the briefs what results from a dispatcher's approval of a lunch break. Whether a given EMT is completely relieved of his duties, remains in on-call status, or something in between appears to be a function of the availability and proximity of other units and the call volume at any given time. Further, remaining in on-call status does not, in and of itself, mandate a finding that EMTs' meals are compensable. *ie., Brinkman v. Department of Corrections of State of Kansas*, 804 F.Supp. 163 (D.Kan. 1992); *Barefield v. Village of Winnetka*, 81 F.3d 704 (7th Cir. 1996); *Harris v. City of Boston*, 253 F.Supp.2d 136 (D.Mass. 2003).

The plaintiffs also raise concerns about the record-keeping system, and the processing of "re-credits" for missed meal breaks. They contend, for example, that a management official would deny a request for re-credit if she found any period of downtime in a shift, and that even where she determined to re-credit the time, there were occasions when the adjustment was never made. Pl. Resp. Br., pp. 24. Thus, as the plaintiffs' own brief evidences, a multitude of factors are implicated in determining whether EMTs at Yellow Ambulance were properly paid. The analysis is highly individualized in this case.

District courts have granted motions to decertify a conditionally certified class where there was great variety in the factual allegations among the individual plaintiffs. *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 281 (N.D.Tex. 2008). As in *Allsups*, there has been no showing of a "single decision, policy, or plan resulting in the alleged failure to properly compensate

EMTs at Yellow Ambulance. *See also, Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286 (S.D.Tex. August 17, 2005)(Plaintiffs' allegations of overarching policy to deny overtime not borne out by manual instructing emp'ees to ensure accurate timesheets). The "similarly situated" factor is evaluated under a heightened evidentiary standard on a motion to decertify the conditional class. *Valcho v. Dallas County Hospital District*, 574 F.Supp.2d 618, 622-23 (N.D.Tex. 2008), *citing Morisky v. Pub. Serv. Elec. & Gas Co.,* 111 F.Supp.2d 493, 497-98 (D.N.J. 2000); *Lugo v. Farmer's Pride, Inc.*, 2008 WL 638237 at *3 (E.D.Pa. March 7, 2008). As the plaintiffs have not been shown to be similarly situated, the conditionally certified class must now be decertified.

> The plaintiffs have moved under Fed.R.Civ.P. 23 for certification of a class consisting of:
>
> Current and former Emergency Medical Technicians, Ambulance Drivers, Paramedics and Dispatchers who currently work or previously worked for the Defendants at any time from March 29, 2002 until the present, and (a) who were not paid for all time worked and/or were not paid overtime wages for work in excess of forty (4) hours per week as required by Kentucky law; (b) who were not granted meal breaks in accordance with KRS 337.355; (c) who were not granted rest breaks every four hours as mandated by KRS 337.365; and (d) who were subjected to automatic pay deductions for meals without verification of whether or not they received uninterrupted meal breaks as required by Kentucky law.

(The "state wage and hour class"). This proposed class is an improper "fail-safe" class under *Randleman v. Fidelity National Title Insurance Co.,* ___F.3d ___, 2011 WL 1833198 (6th Cir. 2011)[1], in that the class definition "shields the putative class members from receiving an adverse judgment. Either the class members win, or by virtue of losing, they are not in the class and,

---

[1] In response to the defendants' contention that the proposed class contains only "winning" plaintiffs, the plaintiffs' offer the observation that the court has the power to alter the proposed class designation and could certify a class of all Yellow Ambulance EMTs, ambulance drivers, paramedics and dispatchers employed at any time from March 29, 2002 to the present. First, the plaintiffs have not made an actual request to alter the proposed class sought to be certified. The off-hand remark concerning alteration of the class designation appears at DN 89, p. 3 in response to the defendants' request for leave to file a supplemental brief. Second, this proposed class of all current and former employees is overbroad and lacks any relationship to the claims asserted in this action.

therefore, not bound by the judgment." *Id.* at 4. Thus, in order to ascertain who is a member of the class, the merits of each individual employee's claims would need to be reached, thus defeating the suggestion that class treatment would be appropriate. Further, the class cannot not be certified under Fed.R.Civ.P. 23(b)(2), as money damages are sought which are not incidental to the injunctive relief demanded in this case. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.____, 2011 WL 2437013 (2011). Plaintiffs do not urge otherwise. Rather, they simply argue, without a valid basis, that *Wal-Mart Stores* does not apply herein.

Therefore, motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

(1)  The motion of the defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service, *et al.*, for decertification of the conditionally certified class (DN 76) is **GRANTED** and the opt-in plaintiffs are **DISMISSED WITHOUT PREJUDICE.**

(2)  The motion of the plaintiffs, Jana Christine Jones-Turner, *et al.*, for Rule 23 class certification of state law claims (DN 77) is **DENIED.**

**IT IS SO ORDERED.**

October 11, 2011

Charles R. Simpson III, Judge
United States District Court