UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

*Electronically Filed*

| | |
|---|---|
| JANA CHRISTINE JONES-TURNER, et al.   ) | |
| ) | |
| PLAINTIFFS   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:07CV218-S |
| ) | |
| YELLOW ENTERPRISE SYSTEMS, LLC, et al.   ) | |
| ) | |
| DEFENDANTS   ) | |

### DEFENDANTS' REPLY IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Plaintiffs, Jana Christine Jones-Turner ("Jones-Turner"), Penney Sherrard ("Sherrard"), and Wesley Vardeman ("Vardeman") (collectively "Plaintiffs") treat this action as if it has been certified as a class or collective action and provide only conclusory generalizations in support of their claims. Plaintiffs ignore specific evidence with respect to their own claims demonstrating that they have been paid for allegedly missed meal breaks when they submitted missed lunch slips. In addition, Plaintiffs gloss over the fact that they are in the best position to determine whether they were able to take a meal break and that they deliberately chose not to notify that Defendants, Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance Service and Louisville Transportation Company (collectively "Yellow Ambulance") of their allegedly missed lunches despite their knowledge of Yellow Ambulance's well-established policy. Moreover, Plaintiffs contend, without any support, that they must be guaranteed rest and meal breaks. Plaintiffs have failed to essential elements of their claims and summary judgment must be granted in favor of Yellow Ambulance.

**ARGUMENT**

I. **PLAINTIFFS' MEAL BREAKS ARE NOT COMPENSABLE.**

   A. **The Predominant Benefit Test Applies To Determine Whether Meal Breaks Are Compensable.**

Plaintiffs ignore controlling precedent and argue that the standard for whether meal breaks are compensable is whether they have been completely relieved from duty. But the Sixth Circuit held in *Hill v. United States*, 751 F.2d 810 (6th Cir. 1985), that the predominant benefit test applied regardless of the language in 29 C.F.R. § 785.19 that states that the employee must be "*completely* relieved from dut(ies)" during the meal period. *Id*. "As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA." *Hill,* 751 F.2d at 814.

Predictably, Plaintiffs have argued that because they are required to remain in radio contact, they have not been completely relieved from duties and therefore should be paid for meal breaks. Plaintiffs have failed to address the litany of cases rejecting such a proposition. "We find it unrealistic to hold that an employer must compensate employees for all meal periods in which the employee is relieved of all duties except simply remaining on-call to respond to emergencies…". *Henson v Pulaski County Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993); *see also Barefield v. Village of Winnetka*, 81 F.3d 704 (7th Cir. 1996) (affirming summary judgment for the employer because the employees merely had to remain in the police department building or within in radio contact for emergencies); *Avery v. City of Talladega, Alabama*, 24 F.3d 1337, 1347 (11th Cir. 1994) (affirming grant of summary judgment to City and holding that police officers' meal periods were not compensable even though the officers were on-call, had to

2

remain in uniform, leave their radios on, and not leave the jurisdiction where they were "free to spend their meal breaks in any way they wish"); *Haviland v. Catholic Health Initiatives-Iowa Corp.*, 729 F. Supp.2d 1038, 1061 (S.D. Iowa 2010) ("Numerous courts …. have declined to find that an employers' requirement that an employee carry a radio and respond if necessary converts meal time to work time," and holding that employee's vague, generalized assertions of interruptions were not sufficient); *Arnold v. Arkansas*, 910 F. Supp. 1385 (E.D. Ark. 1995) (holding that the fact that the fact that the correctional officers were on-call did not make the meal period compensable); *Brinkman v. Dept. of Corrections of State of Kansas*, 804 F. Supp. 163, 173 (D. Kansas 1992) (holding that being on-call did not *per se* mean that the lunch period was compensable); *Arrington v. City of Macon*, 986 F. Supp. 1474, 1480-83 (M.D. Ga. 1997) (granting summary judgment to employer on issue of whether police officers were entitled to compensation for meal periods because they were on-call and subject to interruptions like radio calls or inquiries from the dispatcher and citizens); *Bagrowski v. Md. Port Auth.*, 845 F. Supp. 1116, 1119-20 (D. Md. 1994) (granting the defendant's motion for summary judgment and holding that port authority police officers' meal periods were not compensable merely because they had to remain on-site, were subject to being recalled, had to perform occasional mail runs, and deal with citizen inquiries because these were not substantial duties and the officers' personal activities were not routinely interrupted).

      Here, despite the fact that Plaintiffs were required to remain in radio contact to receive runs, they were free to eat or do as they wished on their meal breaks [Jolly Depo. 206-07]. Yellow Ambulance's policy does not provide otherwise. Yellow Ambulance simply prohibits EMTs from engaging in personal business on company working time or in company

vehicles. Plaintiffs are free to stop at Starbucks for coffee, get lunch, or do anything they please if they are not on a run.

Nor does Yellow Ambulance's automatic deduction of pay violate the FLSA or state law. "Standing alone, an employer policy providing automatic deductions for meal breaks does not violate the FLSA." *Frye v. Baptist Memorial Hospital, Inc.* 2011 WL 1595458 (6th Cir. 2011); *see also Bayles v American Medical Response of Colorado, Inc.*, 937 F. Supp. 1477 (D. Colo. 1996) (granting summary judgment against ambulance drivers who argued that their meal breaks had been improperly deducted even though the plaintiffs had to stay with or near the ambulance during their lunch); *Lamon v. City of Shawnee, Kan.* 972 F.2d 1145 (10th Cir. 1992) (holding that police officers who had a 30-minute meal period deducted from their pay and were subject to call did not require a finding that the time was spent predominantly for the employer); *Burnison v. Memorial Hosp. Inc.* 820 F. Supp. 549 (D. Kan. 1993) (finding that meal times were not compensable despite fact that EMTs had to respond to emergencies). Plaintiffs are no different than the ambulance drivers in *Bayles*. Summary judgment should be granted in favor of Yellow Ambulance.

### B. Plaintiffs' Failure to Submit Missed Lunch Slips Precludes Them from Recovery.[1]

Even if the meal breaks were compensable under state or federal law, which they are not, Plaintiffs' failure to request payment for missed meal breaks estops them from recovering. Plaintiffs worked out in the field as EMTs or as dispatchers. When working as EMTs, Plaintiffs were supposed to call in to dispatchers, who were also hourly employees, to request a lunch. Plaintiffs did not do so [Vardeman Depo. 70; Sherrard Depo. 31; Jones-Turner Depo. 19, 59-60].. Nor did Plaintiffs routinely report their missed lunches in accordance with Yellow Ambulance's policy. Yellow Ambulance has no way of determining if an EMT missed lunch unless the EMT tells someone [Hockenbury Depo. 52].[2] Dispatchers do not track lunches [Linne Depo. 70]. Instead, Yellow Ambulance relies on EMTs to let them know they did not get a lunch [Linne Depo. 74]. Accordingly, Plaintiffs cannot claim that Yellow Ambulance knew

---

[1] Plaintiffs cite 803 KAR 1:065 section 2(3) as if it is unique to Kentucky law and provides them with a foundation for distinguishing the myriad of cases holding that employees who do not follow an employer's procedures for reporting missed time precludes them from recovery. [Response at 2]. But 803 KAR 1:065 section 2(3), like the state and federal regulations regarding the compensability of meal breaks, is identical to 29 C.F.R. § 785.13. The contention that an employer cannot place the burden on the employee to inform it of a missed break has been soundly rejected by courts considering that argument. Nor does *Carolina Metal Products Co. v. Goodlett*, 427 S.W. 2d 821 (Ky. 1968) provide any assistance to Plaintiffs' argument. *Carolina Metal Products Co.* arose under federal law—not state law. There, the court held that because the employer knew the plaintiff had worked through the lunch hour and not reported his time, the employer was liable. There, the employer knew that the employee was not receiving a meal break because he was the only employee assigned to the store at the time. In contrast, Plaintiffs worked as EMTs in the field and Yellow Ambulance was not aware of whether they were receiving meal breaks on specific days. In addition, Yellow Ambulance had a policy in place to compensate for missed lunches, which Plaintiffs took advantage of at times. Yellow Ambulance had no reason to know that Plaintiffs were not consistently utilizing the missed lunch procedures.

[2] Dispatchers did not always note when employees would get lunch [Baker Depo. 35; Vardeman Depo. 79]

when meal breaks were being missed. Plaintiffs are estopped from now claiming that they should be compensated for missed meal breaks. *See, e.g. Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

In *Wood v. Mid-America Management Corp.*, 192 Fed. Appx. 378 (6th Cir. 2006), a case upon which Plaintiffs rely, the plaintiff sued his former employer for failing to pay him overtime wages. There, the plaintiff argued that although he regularly performed duties after normal hours, he did not report such time because the occurrences were too numerous to track and report. *Id.* at 380. The plaintiff further alleged that his employer was aware that he was working unreported overtime. The court found that Mid-America relied on Wood to accurately report his time. The court also noted that because Wood did report some overtime, for which Mid-America compensated him, the company had no reason to suspect that he had neglected to report other overtime hours. Finally, the court noted that the employer had never discouraged the plaintiff from working overtime hours, nor had it instructed him not to record any overtime hours that he worked; in fact, the plaintiff admitted that when Mid-America learned he was not recording all of his overtime, it encouraged him to report such time so that he could be compensated accordingly. *Id.* at 380-81. Likewise, Plaintiffs submitted missed lunch slips on many occasions and were paid for their missed meals. [Vardeman Depo. 51, 108, 121, Ex. 10; 11, 117, Ex.6; 118, Ex. 7, 119 Ex. 8, 119-20, Ex. 9; Sherrard Depo. 45, 70, 102, Ex. 2, 52, 58; Jones-Turner Depo. 30, Ex. 3; 31, Ex. 4; 31-32, Ex. 5; 32, Ex. 6; 33, Ex. 7; 33, Ex 8; 34, Ex. 9, 41, 61; Schindler Aff. ¶27, Ex. V]. Yellow Ambulance would have no reason to know that they missed other meal breaks for which they were not compensated. *See also White v. Baptist Memorial Health Care Corporation*, 699 F.3d 869, 876 (6th Cir. 2012) (holding that "if an

6

employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process.").

Nevertheless, Plaintiffs take the position that because meal breaks could have been noted in the crew logs, Yellow Ambulance should have been aware that Plaintffs missed meal breaks. But because the crew logs, which were filled out by dispatchers like Sherrard and Vardeman, were notoriously unreliable with respect to any record of meal breaks, they were modified so that dispatchers no longer keep track of lunches on crew logs [Linne Depo. 18]. Vardeman admitted that dispatchers did not always note when employees would get lunch [Vardeman Depo. 79].[3] Under these circumstances, Plaintiffs cannot recover for missed meal breaks.

Plaintiffs also contend that the "accumulation of time" method is unlawful. [Response at 34]. Specifically,. Plaintiffs contend that the runs were reviewed and non-consecutive periods of time were counted to accumulate thirty minutes that would then be counted as a meal break. Plaintiffs point to the hearsay testimony of a person who is not a plaintiff in this action to support that claim. Plaintiffs can point to no admissible evidence that such a method existed or was ever used. Nor can Plaintiff identify any instance in which such a method was used despite the thousands of pages of time records produced to them. In fact, the only person who ever reviewed the missed lunch slips, Jan Baker, denied that she ever used this method [Baker Depo. 59]. And after Baker left in 2008, no one reviewed the missed lunch slips. They were simply paid [Powers Depo. 33, 77]. Dispatchers never had their missed lunch slips

---

[3] The run logs referred to by Plaintiffs in their response do not note lunch or break times at all. Instead, they are simply a record of the runs assigned to each EMT.

reviewed by Jan Baker. Instead, missed lunch slips for dispatchers were simply paid [Vardeman Depo. 42, Linne Depo.115]. Accordingly, Plaintiffs' claims must be dismissed.

### C. Yellow Ambulance is not Required to Guarantee that Employees Take Meal Breaks.

Plaintiffs now argue that because they were not *guaranteed* meal breaks, Yellow Ambulance is in violation of state wage and hour law. Plaintiffs are wrong. KRS 337.355 provides as follows:

> Employers, except those subject to the Federal Railway Labor Act, shall grant their employees a reasonable period for lunch, and such time shall be as close to the middle of the employee's scheduled work shift as possible. In no case shall an employee be required to take a lunch period sooner than three (3) hours after his work shift commences, nor more than five (5) hours from the time his work shift commences. This section shall not be construed to negate any provision of a collective bargaining agreement or mutual agreement between the employee and employer.

The very terms of KRS 337.355 the statute itself provide that employers and employees can agree to modify or eliminate meal periods. Employees can waive their lunch break altogether or choose different times for the lunch break. KRS 337.355 is not an iron-clad guarantee of a lunch break at a specified time. *See, e.g., White v. Starbucks Corp.,* 497 F.Supp. 2d 1080, 1088–89 (N.D.Cal.2007) (holding that employers do not have to guarantee that employees take breaks)

Here, Plaintiffs were informed at orientation, in the Employee Handbook, in the Time Card Rules and in Yellow Ambulance's Standard Operating Procedures that because of the nature of the business, as is the case with most health care employers, they could not be guaranteed a lunch break. At the same time, employees were advised how to be compensated if they missed a meal break. Plaintiffs were fully aware of Yellow Ambulance's policy and continued to work for Yellow Ambulance. Yellow Ambulance's policy was developed only after a state Department of Labor investigation into whether meal breaks were being provided.

8

Previously, Yellow Ambulance paid a full eight-hour shift. After the Department of Labor investigation, Yellow Ambulance lengthened the workday to eight and a half hours to include a thirty-minute unpaid lunch. Employers are not required to shut down all activity for a meal break. Plaintiffs are compensated if they do not have the opportunity to take a meal break. State law does not guarantee that they will always receive a meal break. Plaintiffs' claims must be dismissed.

## II. NO CLAIM FOR MISSED REST PERIODS CAN BE MAINTAINED.

Plaintiffs cannot recover for rest breaks under Kentucky's wage and hour law. Contrary to Plaintiffs' assertion, there is no requirement that Yellow Ambulance have a written policy or method of providing rest breaks.

In *Thompson v. Kosair Children's Hosp.*, 2000 WL 34248864 (W.D. Ky. 2000), 10 Fed. App'x 336 (6th Cir. 2001), the court granted summary judgment for the employer and held that plaintiff could not pursue a cause of action for missed rest or meal breaks. Here, Plaintiffs are seeking to recover under KRS 337.385. KRS 337.385 does not include KRS 337.355 or KRS 337.365 among the statutes that may result in an employer's liability. Therefore, no private right of action exists for missed rest or meal breaks. Nor are Plaintiffs' claims actionable under KRS 446.070, which Plaintiffs have not even asserted or plead. "KRS 446.070 is not applicable and [Plaintiffs] must look to KRS Chapter 337 alone for the proper remedy." *Id.; see also Gafur v. Legacy Good Samaritan Hosp.and Med. Ctr.*, 185 P.3d 446 (Or 2008) (holding that employees who have been paid for rest breaks cannot pursue a claim for failure to receive rest breaks). Plaintiffs' claims must be dismissed.

Furthermore, Plaintiffs were not prevented from taking rest breaks. Both Sherrard and Vardeman were smokers who took frequent smoke breaks throughout the day. Vardeman takes a couple of smoke breaks a day of his own accord and would take breaks after he

9

completed a run when he was an EMT [Vardeman Depo. 100, 101, 110]. Similarly, Sherrard, a smoker, smoked outside once or twice a shift while in dispatch [Sherrard Depo. 42-43]. She smoked between runs in the field because there was down time between runs [Sherrard Depo. 67]. Accordingly, their claims should be dismissed. *See Barker v. Family Dollar, Inc.*, 2012 WL 5305335 (W.D. Ky. Oct. 25, 2012) (holding that because plaintiffs provided no evidence that Family Dollar had a policy in place that denied store managers the opportunity to take rest breaks and because plaintiffs often took breaks, their claims failed as a matter of law). Plaintiffs' claims must be dismissed.

### III. PLAINTIFFS' CLAIMS FOR VOLUNTEERING AS PRECEPTORS MUST BE DISMISSED.

Apparently recognizing that they have no basis for their claims, Plaintiffs have abandoned their contention that they should be compensated for time spent volunteering as preceptors. It is undisputed that Yellow Ambulance does not require employees to act as preceptors. Furthermore, the testimony uniformly established that performance as a preceptor is voluntary, is outside of an employee's regular work hours, and that employees receive recertification hours that permit them to maintain their license [Sherrard Depo. 24; 59, 60; Hearing at 37 (Jolly)]. *See Chao v. Tradesmen Int'l, Inc.*, 310 F.3d 904, 912 (6th Cir. 2002) (holding that time spent attending classes was voluntary and, therefore, non-compensable). Plaintiffs fail to address this issue in their response. Accordingly, Yellow Ambulance's motion for summary judgment must be granted.

### CONCLUSION

Yellow Ambulance had a well publicized procedure to compensate employees for missed meal breaks. Plaintiffs chose not to use that procedure. Accordingly, they cannot now recover for missed breaks. In addition, Plaintiffs have no cause of action for rest breaks for

10

which they have already been compensated. Nor can Plaintiffs recover for time spent volunteering as preceptors. Accordingly, summary judgment should be granted for Yellow Ambulance.

          Respectfully submitted,

          s / *Mitzi D. Wyrick*
          Edwin S. Hopson
          ehopson@wyattfirm.com
          Mitzi D. Wyrick
          mitziwyrick@wyattfirm.com
          WYATT, TARRANT & COMBS, LLP
          500 West Jefferson Street, Suite 2800
          Louisville, Kentucky 40202-2898
          502.598.5235

          ***Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company***

## CERTIFICATE OF SERVICE

    I hereby certify that on **September 3, 2013**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to:

    Lawrence L. Jones, II
    larry@people-lawyers.com
    and
    Brent T. Ackerson
    brent@people-lawyers.com

          s / *Mitzi D. Wyrick*
          Mitzi D. Wyrick
          mitziwyrick@wyattfirm.com

          ***One of Counsel for Yellow Enterprise Systems, LLC d/b/a Yellow Ambulance and Louisville Transportation Company***

60658789.1