UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JANA CHRISTINE JONES-TURNER, ET AL.                               PLAINTIFF

v.                                              CIVIL ACTION NO. 3:07-CV-00218-CRS

YELLOW ENTERPRISE
SYSTEMS, LLC, ET AL.                                              DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on a motion for summary judgment (DN 113) filed by

Defendants Louisville Transportation Company ("LTC") and Yellow Enterprise Systems, LLC

("Yellow") (collectively "Defendants"), against Plaintiffs Jana Christine Jones-Turner ("Jones-

Turner"), Penney Sherrard ("Sherrard"), and Wesley Vardeman ("Vardeman") (collectively

"Plaintiffs"). For the reasons set forth below, the Court will grant the motion for summary

judgment.

**BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Plaintiffs are former

employees of Defendants, for whom they worked as either ambulance drivers, dispatch

operators, or both. Pursuant to Defendants' meal-break policy, employees were not allotted a

specific period of time for eating lunch, but were instead expected to eat lunch during their free

time in between ambulance runs. Accordingly, Defendants would automatically deduct thirty

minutes of work time per shift from each employee's paycheck. In the event an employee was

1

unable to take lunch because she was too busy, Defendants required the submission of a "missed lunch slip" to Yellow's Administrative Director Jan Baker, who would then review the slip and determine whether the employee should be compensated for the missed lunch break. Regardless of whether an employee submitted a missed lunch slip, however, Defendants maintained a daily "crew log" reflecting whether an employee had taken a lunch break during her shift.

During the course of their employment, Plaintiffs were regularly unable to take a lunch break due to Yellow's above-average call volume. Although Plaintiffs occasionally submitted missed lunch slips and were compensated accordingly, there were several instances where they failed to submit the slips and thus received an automatic deduction from their pay despite having worked through lunch.

In addition to their regular duties, Plaintiffs were frequently asked to volunteer as preceptors for Emergency Medical Technician ("EMT") training sessions conducted by Defendants. Although this sometimes required as many as twelve hours of work over the weekend, Plaintiffs were never compensated for the time spent acting as preceptors.

**PROCEDURAL HISTORY**

On March 29, 2007, Plaintiffs filed the present action in Jefferson County Circuit Court alleging that: 1) Defendants' failure to compensate them for lunch breaks and time spent as preceptors violated Kentucky and federal employment law; and 2) Defendants' failure to guarantee that they received lunch breaks violated Kentucky law. Specifically, Plaintiffs assert violations of KY. REV. STAT. §§ 337.355, 337.365, and 337.285, as well as the Fair Labor Standards Act ("FLSA"). On April 19, 2007, Defendants removed the action to this Court on the basis of federal question jurisdiction. (DN 1). On July 22, 2013, Defendants filed the present motion for summary judgment (DN 113), arguing that Plaintiffs' claims fail as a matter of law

because: 1) their lunch breaks are not compensable under the FLSA; and 2) even if their lunch breaks are compensable, Plaintiffs' failure to submit missed lunch slips in accordance with Defendants' policy precludes them from obtaining compensation for missed lunches.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion for summary judgment.

## STANDARD

Before granting a motion for summary judgment, the Court must find that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). If the moving party satisfies this burden, the burden of production shifts to the non-moving party, who must then identify evidence demonstrating the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 322.

In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If the non-

moving party fails to satisfy its burden of counterproduction, the court must grant the motion for summary judgment.

## DISCUSSION

### i. Guaranteed Meal Breaks

The Court will first address Plaintiffs' claim that Defendants violated KY. REV. STAT. § 337.355 by failing to guarantee that they received lunch breaks during their shifts. Although KY. REV. STAT. § 337.355 generally requires that employers ensure that their employees receive lunch breaks, the statute further provides that "[t]his section shall not be construed to negate any… mutual agreement between the employee and employer." Although the term "mutual agreement" has not been definitely interpreted, the Kentucky Supreme Court has stated that "[a]n express personnel policy can become a binding contract 'once it is accepted by the employee through his continuing to work when he is not required to do so.'" *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 362 (Ky. 2005) (quoting *Hoffman–La Roche, Inc. v. Campbell*, 512 So.2d 725, 733 (Ala. 1987)). As explained by the court:

> The principle is akin to estoppel. Once an employer establishes an express personnel policy and the employee continues to work while the policy remains in effect, the policy is deemed an implied contract for so long as it remains in effect.

*Id.* at 363. Here, because it is undisputed that Plaintiffs were fully aware from Yellow's Employee Handbook that they would not be guaranteed meal breaks, their decision to nevertheless continue working constitutes a "mutual agreement" under KY. REV. STAT. § 337.355. Accordingly, the court will grant the motion for summary judgment with respect to Plaintiffs' state-law claim that they were denied guaranteed meal breaks.

**ii. Meal-Break Compensation**

The Court will next address Plaintiffs' claim that Defendants unlawfully denied them

compensation for meal breaks. According to Defendants, summary judgment is warranted

because Plaintiffs' have failed to establish either that: 1) their meal breaks were compensable

under the FLSA; or 2) they are entitled to compensation for missed lunches despite their failure

to comply with Defendants' policy requiring employees to submit missed lunch slips.[1] In

response, Plaintiffs argue that: 1) their meal breaks are compensable because they have to remain

on call throughout their lunch period; and 2) Defendants' policy requiring the submission of

missed lunch slips is unreasonable such that Plaintiffs' failure to comply should not preclude

them from obtaining compensation for missed lunches.

**a. Compensability of Meal Breaks**

The first issue is whether Plaintiffs' meal breaks were compensable under the FLSA such

that Defendants were required to pay them regardless of whether Plaintiffs actually missed their

break. Citing 29 C.F.R. § 785.19's provision that "[t]he employee must be completely relieved

from duty" in order for meal breaks to be considered non-compensable, Plaintiffs argue that they

are entitled to compensation for their meal breaks because they were required to remain on call

throughout their breaks. In response, Defendants cite the Sixth Circuit's decision in *Hill v.*

*United States*, 751 F.2d 810 (6th Cir. 1985), wherein the court held that "[a]s long as the

employee can pursue his or her mealtime adequately and comfortably, is not engaged in the

performance of any substantial duties, and does not spend time predominantly for the employer's

---

[1] While Defendants have moved for summary judgment on both Plaintiffs' state and federal claims, their motion focuses primarily on demonstrating that Plaintiffs' claims fail under federal law. According to Defendants, this approach is justified because Kentucky and federal employment law are coextensive insofar as 803 KAR 1:065 § 2(3) and 29 C.F.R. § 785.13 are identical. Because the only Kentucky decision cited by Plaintiffs is *Carolina Metal Products Co. v. Goodlett*, 427 S.W.2d 821 (Ky. 1968)—a case that arose under federal employment law—the Court has no basis for concluding that Kentucky and federal law are materially different. Accordingly, the Court will restrict its analysis to determining whether Plaintiffs' claims are viable under federal law because this analysis will be equally applicable to Plaintiffs' state-law claims.

benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA."
*Id.* at 814. Because Plaintiffs' only obligation during their lunch break is to remain on call,
Defendants argue that they do not "spend time predominantly for the employer's benefit" such
that their lunch breaks are compensable under the FLSA. In support of this argument, Defendants
cite numerous cases from other jurisdictions holding that employee meal breaks are not deemed
compensable merely because the employee is required to remain on call. *See* (Mot. for Summ. J.,
DN 113, at 14–15) (citing *Barefield v. Village of Winnetka*, 81 F.3d 704 (7th Cir. 1996); *Avery v.
City of Talladega, Alabama*, 24 F.3d 1337,1347 (11th Cir. 1994); *Henson v Pulaski County
Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993)).

In response, Plaintiffs argue that, because Defendants failed to analyze each employee's
lunch break on a case-by-case basis to determine whether the employee was acting primarily for
the Defendants' benefit, they cannot deny compensation for meal breaks on the grounds that
such breaks are non-compensable. However, because Plaintiffs bear the burden of establishing
that their lunch break was compensable under the FLSA, *see Myracle v. General Elec. Co.*, 33
F.3d 55, at *5 (6th Cir. 1994) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–
87 (1946)), the mere fact that Defendants failed to investigate whether Plaintiffs spent their meal
breaks predominantly for Defendants' benefit has no bearing on the compensability thereof.
Rather, Plaintiffs must affirmatively demonstrate that either: 1) they were engaged in the
performance of substantial duties during their lunch break; or 2) they spent time predominantly
for the benefit of Defendants during their lunch break. *See id.*

In attempting to demonstrate that their meal breaks were predominantly for Defendants'
benefit, Plaintiffs rely exclusively on the fact that they were required to remain on call during
their lunch break. However, because Plaintiffs have failed to respond to the litany of authority

cited by Defendants holding that that employee meal breaks are not deemed compensable merely because employees are required to remain on call, the Court concludes that they have failed to satisfy their burden of establishing that their meal breaks are compensable under the FLSA because they were acting primarily for Defendants' benefit.

In attempting to demonstrate that they were engaged in the performance of substantial duties, Plaintiffs argue that Defendants maintained such strict regulations about how employees could spend their lunch break that Plaintiffs cannot be deemed to have been relieved of substantial duties. Specifically, Plaintiffs emphasize that Yellow's policies required that "Employees are not to conduct personal business in company vehicles or on company time" and that they "shall devote their entire time and energies to the duties and responsibilities of their assigned positions." However, while these requirements clearly apply to employees during their regular working hours, Plaintiffs have failed to demonstrate that they remain applicable during employees' meal breaks. Because Plaintiffs have thus failed to demonstrate that they were engaged in the performance of substantial duties, the Court concludes that their meal breaks were not compensable under the FLSA.

**b. Missed Lunch Policy**

Plaintiffs next argue that, even if their meal breaks were non-compensable under the FLSA, they are nevertheless entitled to compensation for all meal breaks which they were unable to take because of Yellow's above-average call volume. According to Plaintiffs, this is true notwithstanding the fact that they failed to comply with Defendants' missed lunch slip policy because that policy improperly places the burden on the employee to ensure that they receive compensation for work time. Specifically, Plaintiffs argue that, because the crew logs clearly reflected whether each employee received a lunch break during their shift, Defendants were

obligated to cross-check the logs prior to deducting an employee's paycheck. In response, Defendants argue that the missed lunch slip policy was a reasonable method for determining whether employees had received a lunch break because the crew logs were "notoriously unreliable" and therefore could not provide an accurate basis for awarding meal-break compensation.

In support of their argument, Plaintiffs cite *Wood v. Mid-Am. Mgmt. Corp.*, 192 F. App'x 378 (6th Cir. 2006), for the proposition that an employer must compensate its employees if the employer has actual or constructive knowledge that the employee has failed to report hours which they have actually worked. In *Wood*, the plaintiff sued his employer for overtime wages which he claimed he was owed despite his failure to report overtime hours in accordance with his employer's policy. Citing 29 C.F.R. § 785.11's provision that hours must be compensated as working time if "[t]he employer knows or has reason to believe that" an employee "is continuing to work," the plaintiff argued that he deserved compensation for all overtime hours that his employer was aware that he had worked, regardless of whether he had specifically reported them. While noting that "An employee… must be compensated for time she works outside of her scheduled shift, even if the employer did not ask that the employee work during that time," the court specified that "this requirement applies only if the employer knows or has reason to believe that the employee is continuing to work and that work was suffered or permitted by the employer." *Id.* at 380 (citing *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 718 (2d Cir. 2001)). Ultimately, the court held that the plaintiff was not entitled to overtime compensation because he had previously reported certain overtime hours and thus his employer "had no reason to suspect that he neglected to report other overtime hours." *Id.* at 381.

Like the plaintiff in *Wood*, it is undisputed that Plaintiffs have previously submitted missed lunch slips in accordance with Yellow's policy and received compensation therefor. Thus, Defendants had no reason to suspect that Plaintiffs had been denied lunch breaks on days when they failed to submit missed lunch slips. Indeed, apart from the missed lunch slips themselves, Defendants' only potential basis for determining that Plaintiffs had missed their lunch break would have been information contained in the crew logs. However, for reasons similar to those expressed in *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869 (6th Cir. 2012), the Court concludes that Defendants were not required to take it upon themselves to cross-check the crew logs to ensure that Plaintiffs were being compensated for missed lunch breaks. In *White*, the plaintiff sought to recover past-due wages for missed lunch breaks on the grounds that her employer knew or had reason to know that she had failed to properly report her missed lunches in accordance with her employer's policy. According to the plaintiff, because she had informed her supervisors that she was not receiving her meal breaks, her employer should have known that she was not being properly compensated for missed lunches. However, based on its reading of the Eighth Circuit's decision in *Hertz v. Woodbury County*, 566 F.3d 775, 783 (8th Cir. 2009), the court concluded that "Under the FLSA, if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process." *Id.* at 876. Thus, while acknowledging that the plaintiff had "occasionally told her supervisors that she was not getting her meal breaks," the court held that the plaintiff was not entitled to compensation because "she never told her supervisors that she was not being compensated for missing her meal breaks" in accordance with her employer's policy. *Id.*

9

Like the employer in *White*, Defendants established a reasonable process for its employees to report uncompensated work time by submitting a missed lunch slip indicating that they were unable to take a lunch break. Given *White*'s holding that an "employer is not liable for non-payment if the employee fails to follow the established process," Plaintiffs' failure to comply with Defendants' missed lunch slip policy precludes them from obtaining compensation for lunch breaks which they failed to report. Accordingly, the Court will grant the motion for summary judgment with respect to Plaintiffs' claim for compensation for missed lunch breaks.

### iii. Rest Breaks

Plaintiffs next claim that they are entitled to recover damages based on Defendants' failure to provide rest breaks during their shift. Because it is undisputed that Plaintiffs were not deducted pay for rest breaks, and because KY. REV. STAT. § 337.385 only provides for the recovery of unpaid wages and overtime compensation, Plaintiffs only possible basis for recovery is KY. REV. STAT. § 446.070. However, in *Grzyb v. Evans*, 700 S.W.2d 399 (Ky. 1985), the Kentucky Supreme Court held that "[u]nder KRS 446.070, a person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation. But this is limited to where the statute is penal in nature, or where by its terms the statute does not prescribe the remedy for its violation." *Id.* at 401 (citing *Hackney v. Fordson Coal Co.*, 19 S.W.2d 989 (Ky. 1929)). Thus, "[w]here the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute." *Id.* Because KY. REV. STAT. § 337.990 specifies the civil remedies for violations of Chapter 337, Plaintiffs cannot recover damages under KY. REV. STAT. § 446.070. Accordingly, the motion for summary judgment will be granted with respect to Plaintiffs' claim for damages resulting from Defendants' failure to provide rest breaks.

**iv. Preceptor Volunteering**

By failing to address it in their response brief, Plaintiffs have abandoned their claim for compensation for time they spent volunteering as preceptors for Defendants' EMT training sessions. Accordingly, the motion for summary judgment will be granted with respect to this claim.

A separate order will be entered in accordance with this opinion.

Charles R. Simpson III, Senior Judge
United States District Court

March 31, 2014

11