# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
| --- | --- | --- |
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 5, 2015

Mr. Edwin Sharp Hopson Sr.
Wyatt, Tarrant & Combs
500 W. Jefferson Street
Suite 2800
Louisville, KY 40202

Mr. Lawrence Lee Jones II
Jones Ward
312 S. Fourth Street
Sixth Floor
Louisville, KY 40202

Re:  Case No. 14-5497, *Jana Jones-Turner, et al v. Yellow Enterprise Systems, LLC, et al*
Originating Case No. : 3:07-cv-00218

Dear Counsel:

The Court issued the enclosed Opinion today in this case.

Sincerely yours,

s/Jeanine R. Hance
Case Manager
Direct Dial No. 513-564-7037

cc:  Ms. Vanessa L. Armstrong
Ms. Mitzi Denise Wyrick

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0003n.06

**Case No. 14-5497**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

> **FILED**
> Jan 05, 2015
> DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JANA CHRISTINE JONES-TURNER; PENNEY SHERRARD; and WESLEY VARDEMAN, on their own behalf and all others similarly situated, known or unknown, and all Opt-In Plaintiffs, | ) ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| *Plaintiffs-Appellants*, | ) ) | |
| v. | ) ) | |
| YELLOW ENTEPRISE SYSTEMS, LLC, dba YELLOW AMBULANCE SERVICE; and LOUISVILLE TRANSPORTATION CO., | ) ) ) | O P I N I O N |
| *Defendants-Appellees*. | ) | |

BEFORE:    COLE, Chief Judge; GRIFFIN, Circuit Judge; CARR, District Judge. [*]

COLE, Chief Judge.  Three former employees of Yellow Enterprise Systems, LLC, and Louisville Transportation Company (collectively "Yellow") allege that they were not paid overtime, as required under the federal Fair Labor Standards Act ("FLSA") and Kentucky law, for work they performed during meal and rest breaks.  The plaintiffs sought certification of a collective action under the FLSA and also moved for class certification on their Kentucky law claims.  The district court, after conditionally certifying the FLSA collective action, later

---

[*] The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

decertified the collective action and denied the plaintiffs' motion for class certification.  Upon

the defendants' motion, the district court also granted summary judgment to Yellow on all of the

plaintiffs' claims, finding that the plaintiffs' meal and rest breaks were not compensable under

the FLSA or Kentucky law.  The plaintiffs appeal the grant of summary judgment, the

decertification of the FLSA collective action, and the denial of their motion for class certification

under Federal Rule of Civil Procedure 23.  For the following reasons, we affirm the judgment of

the district court in its entirety.

## I. BACKGROUND

### A. Facts

Plaintiffs Jana Jones-Turner, Penney Sherrard, and Wesley Vardeman were employed as

emergency medical technicians ("EMTs") and dispatch operators by Yellow Enterprise Systems,

LLC, a private ambulance company.  During the plaintiffs' employment, Yellow automatically

designated a 30-minute slot during each 8.5-hour shift as an unpaid lunch break.  EMTs in the

field were not allotted a specific time period for lunch but were instructed to take advantage of

down time between ambulance runs to eat a meal.  This 30-minute meal break could occur at any

point during an employee's 8.5-hour shift.

Yellow's policy regarding compensation in the event of a missed lunch break was set

forth in its standard operating procedures and time-card policy.  If an employee was unable to

take a lunch break due to call volume, Yellow required the employee to submit a missed lunch

slip to Administrative Director Jan Baker.  Employees could submit the slips by giving them to a

dispatch officer or a supervisor, or by sliding them under Baker's door or in her mailbox.  Baker

would review the slip and determine whether there was a 30-minute period between calls at any

point during the employee's shift.  If there was such a period, it would be considered the

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

employee's unpaid lunch break.  If there was no such period, the employee would be paid for the missed lunch.  After Baker left the company, Yellow automatically reimbursed employees for all missed lunches when they submitted the slips.

The missed-lunch policy was posted by the time clock at Yellow.  The plaintiffs testified that they had received and understood the time-card policy and the standard operating procedures.  Jones-Turner, Sherrard, and Vardeman all acknowledged that they had submitted missed-lunch slips and received compensation on some occasions.

Yellow's policy required employees to radio the dispatch to request permission to take a lunch break.  Occasional requests for lunch breaks would be denied if call volume was too high.  Yellow's time-card policy stated that crews would not be paid for lunch if they had the opportunity to obtain a lunch but chose not to do so.  Dispatchers were required to note on the crew logs whether employees received a lunch break.  However, Yellow's Director of Operations, Belinda Jolly, testified that Yellow could not determine if employees missed a lunch break if they did not turn in the slips because the dispatchers did not always fill out the crew logs.

The plaintiffs testified that they often missed lunch breaks but did not always fill out missed-lunch slips because they felt it would be futile since they were not always paid after submitting the slips.  They also testified that they sometimes missed lunches and filled out slips but were not paid for the time claimed, and that other employees had also complained to them about filling out missed-lunch slips for which they were not paid.  The plaintiffs have not introduced any evidence documenting instances in which they submitted slips but were not paid for the missed meal break.  Nor is there evidence that the plaintiffs or other employees were disciplined or threatened with discipline for submitting a missed-lunch slip.

- 3 -

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

Yellow did not require employees to request permission from dispatch to take a rest break.  Both Sherrard and Vardeman testified that they took smoking breaks during the day, and the plaintiffs did not present any records indicating that they did not receive breaks.

**B. Procedural History**

On March 29, 2007, the plaintiffs filed suit in Jefferson County Circuit Court alleging that (1) Yellow's failure to compensate them for lunch breaks violated Kentucky law and the FLSA; (2) Yellow's failure to guarantee that they received lunch breaks violated Kentucky Revised Statutes § 337.355; and (3) Yellow's failure to guarantee that they received rest breaks violated Kentucky Revised Statutes § 337.365.  The plaintiffs sought certification of an FLSA collective action and class certification with respect to their state claims.  Yellow removed the action to the United States District Court for the Western District of Kentucky.  On October 24, 2007, the district court granted the plaintiffs' motion to certify a collective action under the FLSA and approved the proposed class notice.  Notice was sent to over 900 current and former EMTs, and 77 chose to opt in to the action.  On October 11, 2011, after Yellow moved to decertify the FLSA conditional class and the plaintiffs moved for class certification with respect to their state claims, the district court decertified the FLSA conditional class and denied the motion for certification of a state wage-and-hour class.  Reasoning that the alleged wrong to employees stemmed not from the automatic deduction of 30 minutes of pay—a condition common to all EMTs—but from the failure to pay the EMTs for compensable meal time if and when it occurs, the court found that many factors determined whether individual opt-in plaintiffs were properly paid.  Therefore, the court concluded that the plaintiffs were not similarly situated because analysis of the alleged violations would be highly individualized.

- 4 -

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

On July 22, 2013, Yellow moved for summary judgment on all claims, arguing that (1) the plaintiffs' lunch breaks were not compensable under the FLSA; (2) even if the lunch breaks were compensable, the plaintiffs' failure to submit missed-lunch slips in accordance with Yellow's policy precluded them from obtaining compensation for the missed lunches; (3) the plaintiffs were not guaranteed meal breaks under Kentucky law; and (4) the plaintiffs were not entitled to recover damages due to Yellow's failure to provide rest breaks.  The district court granted summary judgment to Yellow on all claims.  The plaintiffs now appeal, contending that the district court erred by (1) granting summary judgment on the ground that the plaintiffs' meal and rest breaks were not compensable under the FLSA or Kentucky law; (2) failing to certify their Rule 23(b)(3) class on the ground that the class definition was "fail-safe" because it included only those entitled to relief; (3) failing to certify their Rule 23(b)(2) class on the ground that the plaintiffs sought compensatory and liquidated damages for unpaid wages; (4) failing to rule on plaintiffs' request for certification under Rule 23(b)(1); and (5) decertifying the FLSA collective action on the ground that the opt-in plaintiffs were not "similarly situated" to the named plaintiffs.

## II. ANALYSIS

### A.  Standard of Review

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in favor of the non-moving party.  *Hanover Ins. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994).  Summary judgment is appropriate if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

We review both the denial of class certification and the decertification of a collective action for abuse of discretion. *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). "A district court abuses its discretion when it relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011) (brackets omitted).

### B. Compensability of meal breaks

Our court applies the "predominant benefit" test from *Hill v. United States*, 751 F.2d 810 (6th Cir. 1984), to determine whether a meal period is compensable under the FLSA.  In *Hill*, we concluded that a meal period was not compensable where a United States Postal Service worker remained responsible for the undelivered mail and other items in his truck during his break, but was not subject to interruptions from customers during his meal period nor required to eat in or within sight of his truck. *Id.* at 812, 815.  We explained that a meal period is not compensable "[a]s long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties, and does not spend time predominantly for the employer's benefit." *Id.* at 814.  The employee bears the burden of establishing that she performs substantial duties and spends her meal time predominantly for the employer's benefit. *See id.* at 813–15.

In *Myracle v. General Electric Co.*, 33 F.3d 55, at *5 (6th Cir. 1994) (per curiam) (unpublished), we addressed whether a lunch break was compensable when maintenance mechanics were required to maintain responsibility for their machines and to remain on call during their lunch break in case the machine malfunctioned.  We held that, given that the

- 6 -

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

mechanics were free to leave the plant if they wished to do so and were only rarely interrupted for emergencies or power outages, these occasional interruptions were de minimis and did not render a meal period compensable. *Id.*

Yellow required its employees to radio the dispatcher to request a lunch break. EMTs had to eat within one mile of an assigned stand-by location. If the crews were "out of unit," they had to maintain radio contact and were subject to any available run. They were expected to answer the radio after the first call. However, there was no policy that employees remain in the truck for lunch, and plaintiffs introduced no evidence that they were ever told they had to eat in the truck. Nor do the plaintiffs cite any evidence that while on a lunch break they were required to perform duties beyond responding to a call, or that once approved for a lunch break they were frequently interrupted by radio contact. As in *Hill* and *Myracle*, Yellow's policies do not indicate that the plaintiffs were engaged in substantial duties during their lunch break.

Other circuits have found that meal breaks were not compensable under the FLSA when employees were subject to emergency calls but could otherwise use their time for their own purposes. *See Henson v. Pulaski Cnty. Sheriff Dep't*, 6 F.3d 531, 536 (8th Cir. 1993). The outcome here might be different if the plaintiffs had introduced evidence that they were required to stay in their trucks or to drive or perform other duties while eating. *See Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 65 (2d Cir. 1997) (holding that meal breaks were compensable because the employees were required to remain on-site and perform duties such as providing security or ensuring safety at the sites, even if those activities were "passive" and the employees were permitted to eat their lunch). Because there is no such evidence here, we affirm the district court's judgment that the meal breaks were not compensable under the FLSA.

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

### C. Missed-lunch slip policy

Having found that the plaintiffs' meal breaks were not compensable under the FLSA, we next consider whether the plaintiffs may recover for missed lunch breaks for which they did not submit a missed-lunch slip.  The district court concluded that our precedent in *White v. Baptist Memorial Health Care Corporation*, 699 F.3d 869, 876 (6th Cir. 2012), dictates that the plaintiffs are precluded from recovery because there we held that "if an employer establishes a reasonable process for an employee to report uncompensated work time the employer is not liable for non-payment if the employee fails to follow the established process."  In *White*, we held that an employer was not liable for payment of missed lunches to an employee who had an unpaid meal break automatically deducted from her paycheck and was required to fill out an exception log if she missed her lunch break. *Id.* at 872.  The employee, a nurse, stated that on at least one occasion she used the exception log to report missing a meal break and was compensated. *Id.*  But she also testified that she stopped using the exception log or reporting the missed lunches. *Id.*  Although she occasionally told her supervisors that she was not getting her meal breaks, she never told them that she was not being compensated for missing the breaks. *Id.* at 876.  Reasoning that the employer could not have had constructive knowledge that she was not being compensated for the missed lunches because she had not told her supervisors that she had not received compensation, we affirmed summary judgment for the employer. *Id.*  We also found that the employer had no actual knowledge that the employee was not paid for her missed lunches and that there was no evidence that the employer in any way discouraged employees from reporting time worked during meal breaks. *Id.* at 872, 877.

Here, the plaintiffs have not produced evidence that Yellow had either constructive or actual knowledge that they were not receiving compensation for missed meal breaks.  *White* thus

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

dictates that their claim fails.  Although the plaintiffs argue that their managers had actual

knowledge that the plaintiffs were regularly missing meal breaks and were not submitting

missed-lunch slips, the plaintiffs' counsel conceded at oral argument that there was no evidence

in the record that the managers were regularly reviewing the crew logs at any time other than

when a missed-lunch slip was submitted.  Therefore, there is no evidence that Yellow had any

actual knowledge that its employees were not receiving their meal breaks and not being

compensated for that time.  Moreover, given that the plaintiffs have testified that on several

occasions they did use the missed-lunch slip procedure and were reimbursed for their missed

lunches, we cannot say that it was unreasonable for Yellow not to cross-check the crew logs with

the missed-lunch slips to ensure that the plaintiffs were paid for all missed lunches.  As in *White*,

the plaintiffs' claims fail because the employer had established a reasonable process to report

missed meal periods, and there is no evidence that the employer had actual knowledge that

employees were not being compensated for time worked.

### D.  Collective action decertification and denial of Rule 23 class certification

Similarly situated employees may recover compensation from an employer through an

FLSA collective action. 29 U.S.C. § 216(b).  However, without a viable claim, lead plaintiffs

cannot represent others whom they allege to be similarly situated.  *White*, 699 F.3d at 878.

Because the district court properly granted summary judgment on the plaintiffs' FLSA claim for

missed meal breaks, the plaintiffs cannot meet their burden of showing that they are similarly

situated to the opt-in plaintiffs.

Based on the record before us, we also find that the district court did not err in granting

summary judgment to Yellow on the plaintiffs' state-law claims that they were not guaranteed

meal and rest breaks.  Accordingly, the plaintiffs may not be certified as a class under Rule 23

- 9 -

Case No. 14-5497
*Jones-Turner, et al. v. Yellow Enterprise Systems, LLC, et al*

for their state-law claims because the district court properly granted summary judgment on those

claims.  We therefore affirm the district court's decertification of the collective action and denial

of Rule 23 class certification.

### III. CONCLUSION

We affirm the judgment of the district court.